828 A.2d 1114 (2003)
Virginia BIERNACKI, Appellant,
v.
PRESQUE ISLE CONDOMINIUMS UNIT OWNERS ASSOCIATION, INC., also known as Presque Isle Condominiums Owners Association, Inc., Great Lakes Landscaping, Appellee.
Superior Court of Pennsylvania.
Submitted March 3, 2003.
Filed June 26, 2003.
*1115 William C. Van Scyoc, Erie, for appellant.
Catherine M. Moodey, Erie, for appellees.
BEFORE: TODD, GRACI and KELLY, JJ.
OPINION BY GRACI, J.:
¶ 1 In this civil action commenced by Appellant, Virginia Biernacki (hereinafter "Biernacki"), Biernacki appeals from the Order entered by the Court of Common Pleas of Erie County on August 8, 2002, granting summary judgment in favor of Appellees, Presque Isle Condominiums Unit Owners Association, Inc. (hereinafter "Association") and Great Lakes Landscaping (hereinafter "Great Lakes"). We affirm.

I. FACTUAL AND PROCEDURAL HISTORY
¶ 2 Biernacki slipped and fell in the parking lot of the condominium she leased. Association was the owner of the condominium. Thereafter, Biernacki commenced the present action with the filing of a Praecipe for Issuance of Writ of Summons in the Court of Common Pleas of Erie County on November 12, 1999. A complaint was filed on October 13, 2000. Biernacki's tort action arose out of the alleged negligence of Association in permitting snow and ice containing hills and ridges to remain in its parking lot following a recent storm. On December 1, 2000, Association filed a complaint to join Great Lakes as an additional defendant.
¶ 3 On February 28, 2002, Association filed a motion for summary judgment and on April 10, 2002, Great Lakes filed a motion for summary judgment. On August 8, 2002, the trial court granted Association and Great Lakes' motions for summary judgment and dismissed Biernacki's complaint. A timely notice of appeal was filed on September 9, 2002. The trial court directed Biernacki to file a 1925(b) statement which she filed on October 4, 2002.
¶ 4 Biernacki presents the following issues for our review:
I. Whether the court erred in granting [Association and Great Lakes'] request for summary judgment in that the Hills and Ridges Doctrine should not be applied to a situation where the parties contract for snow removal thereby deciding as a matter of law a factual issue of the reasonableness of the performance of [Association and Great Lakes'] duty under the contract.
...
II. Whether it was error for the court to decide as a matter of law that [Biernacki] failed to satisfy the Hills and Ridges Doctrine when in fact the conditions described were sufficient to warrant a factual determination from a jury.
...
Brief for Appellant, at 6.

II. STANDARD AND SCOPE OF REVIEW
¶ 5 A trial court may dismiss an action pursuant to Rule 1035.2 of the Pennsylvania Rules of Civil Procedure governing summary judgment:
After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
*1116 (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
Pa.R.C.P. 1035.2.
A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury. Pa.R.C.P. 1035.2 Note. Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve the cause of action. Id. If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law. The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party. As with all summary judgment cases, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party as to the existence of a triable issue.
Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate Court applies the same standard for summary judgment as the trial court.
Grandelli v. Methodist Hospital, 777 A.2d 1138, 1143-44 (Pa.Super.2001) (citation omitted).

III. DISCUSSION
¶ 6 The trial court, in granting Association and Great Lakes' motions for summary judgment, relied on the doctrine of hills and ridges, "a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." Morin v. Traveler's Rest Motel, Inc., 704 A.2d 1085, 1087 (Pa.Super. 1997) (citation omitted). We are unaware of any precedential case involving the application of the hills and ridges doctrine to a landlord and tenant case. We, however, find that the hills and ridges doctrine does apply to landlord and tenant cases, as we find no reason to distinguish between this type of case and other cases which have applied this standard.[1] Thus, *1117 the trial court's reliance upon the hills and ridges doctrine was not erroneous.
¶ 7 Biernacki argues that the hills and ridges doctrine should not be applied because the parties contracted for snow removal. Brief for Appellant, at 9. We agree with the trial court that the hills and ridges doctrine is applicable because Biernacki's suit is based in tort rather than contract[2] and because the lease agreement does not provide an independent standard by stating the degree to which or the time period within which the snow must be removed. Memorandum, 8/8/02, at 2.
¶ 8 Having concluded that the doctrine of hills and ridges does apply to landlord and tenant cases, we will review this doctrine to determine whether Biernacki has satisfied her burden. In order to recover for a fall on an ice or snow covered surface, Biernacki must show:
(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.
Morin, 704 A.2d at 1088 (citations omitted). This Court has further opined that "the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition." Gilligan v. Villanova University, 401 Pa.Super. 113, 584 A.2d 1005, 1007 (1991) (citation omitted).
¶ 9 Genuine issues of material fact do not exist. It was not reasonable for the snow and ice in the parking lot, that had begun to fall sometime the night before, to be removed by 7:45 a.m. the following morning, particularly in light of the fact that Biernacki fell in snow that had accumulated between the parked cars. It would be totally unreasonable to require a landlord to clear the areas between his tenants' parked cars, prior to removal of the cars in the early morning after a snowfall. Therefore, the trial court acted properly in granting Association and Great Lakes' motions for summary judgment and dismissing Biernacki's claims on this record.

IV. CONCLUSION
¶ 10 We find no abuse of discretion on the part of the trial court in its grant of summary judgment to the Association and Great Lakes.
¶ 11 Order affirmed.
¶ 12 TODD, J., concurs in result.
NOTES
[1] We recognize that this Court in Bleam v. Gateway Professional Center Associates, 431 Pa.Super. 145, 636 A.2d 172 (1993), reversed a trial court's granting of a motion for summary judgment in a slip and fall on the ice case, where it "erroneously looked to the general Restatement sections concerning possessors of land, rather than the specific provisions [of § 360 of the Restatement (Second) of Torts] that outline the potential liability of a landowner-lessor to its tenant." Id. at 175. This Court, in Bleam, however, did not discuss the applicability of the doctrine of hills and ridges to a landlord-tenant case. Regardless, the provisions of § 360 are similar to the provisions of the hills and ridges doctrine. Under § 360, we look to see whether the landlord had sufficient time to make the condition safe. See Harmotta v. Bender, 411 Pa.Super. 371, 601 A.2d 837 (1992). The provisions of § 360 and the doctrine of hills and ridges are similar in that both require the existence of a dangerous condition, require that the property owner had notice of the existence of the condition, and require that the property owner act within a reasonable time after notice to remove the snow and ice when it is in a dangerous condition.
[2] Biernacki's complaint is void of any allegation that Association failed to act in accordance with the terms of the lease and the complaint does not assert a cause of action for breach of the lease agreement.