J-A27023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NANCY O'DONNELL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| COGO'S COMPANY, ELWOODS | : | |
| LEGACY, L.P. AND USMA UNITED | : | |
| ENTERPRISE, INC., | : | |
| | : | |
| Appellees | : | No. 39 WDA 2014 |

Appeal from the Order Entered December 23, 2013,
In the Court of Common Pleas of Allegheny County,
Civil Division, at No. GD-12-001987.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 03, 2014**

Appellant, Nancy O'Donnell, appeals from the order entered on December 23, 2013, that granted summary judgment in favor of Appellees, CoGo's Company, Elwoods Legacy, L.P. and USMA United Enterprise, Inc. We affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this matter as follows:

> The record established that mixed precipitation fell between 10:50 p.m. on January 17, 2011, through 2:30 a.m. on January 18, 2011. [Appellant] left her home at approximately 8:00 a.m. to walk to the CoGo's Store which was across the street from her home on Brownsville Road in Pittsburgh, Pennsylvania. [Appellant] acknowledged that it was icy everywhere. [Appellant] entered the CoGo's, left the store and fell in the CoGo's lot after leaving the store. She testified that

the ice was solid and smooth in the area where she slipped and fell. Other witnesses corroborated the conditions in the area where [Appellant] fell.

Trial Court Opinion, 2/6/14, at 2-3.

On January 30, 2012, Appellant filed her complaint. Appellees filed responsive pleadings, and on August 8, 2013, Appellees filed their motion for summary judgment. In an order filed on December 23, 2013, the trial court granted Appellees' motion for summary judgment.

Following the order granting Appellees' motion for summary judgment, Appellant filed a timely appeal. On appeal, Appellant raises the following issues for this Court's consideration:

I. Whether the trial court erred as a matter of law by finding that the hills and ridges doctrine shields the Appellees from liability where the evidence of record establishes that Appellees failed to treat their small parking [sic] for dangerous ice, in any manner, over a six and a half hour period when they had more than ample opportunity to do so?

II. Whether the trial court erred as a matter of law by granting Appellees' Motions for Summary Judgment where a genuine issue of material fact exists as to whether the Appellant fell on a localized patch of ice?

III. Whether the trial court erred as a matter of law by granting Appellees' Motions for Summary Judgment where a genuine issue of material fact exists as to whether Appellant fell on ice which had accumulated to elevations of such size and character as to unreasonably obstruct travel?

IV. Whether the trial court erred as a matter of law by granting Appellees' Motions for Summary Judgment where a genuine issue of material fact exists as to whether Appellant's fall was the result of an entirely natural accumulation of ice?

J-A27023-14

Appellant's Brief at 4.

An order granting summary judgment is subject to the following scope

and standard of appellate review:

> Our standard of review on an appeal from the grant of a
> motion for summary judgment is well-settled. A reviewing court
> may disturb the order of the trial court only where it is
> established that the court committed an error of law or abused
> its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary
> judgment, we focus on the legal standard articulated in the
> summary judgment rule. Pa.R.C.P. 1035.2. The rule states that
> where there is no genuine issue of material fact and the moving
> party is entitled to relief as a matter of law, summary judgment
> may be entered. Where the nonmoving party bears the burden
> of proof on an issue, he may not merely rely on his pleadings or
> answers in order to survive summary judgment. Failure of a
> non-moving party to adduce sufficient evidence on an issue
> essential to his case and on which he bears the burden of proof
> establishes the entitlement of the moving party to judgment as a
> matter of law. Lastly, we will review the record in the light most
> favorable to the non-moving party, and all doubts as to the
> existence of a genuine issue of material fact must be resolved
> against the moving party.

**Shepard v. Temple University**, 948 A.2d 852, 856 (Pa. Super. 2008)

(quoting **Murphy v. Duquesne University**, 777 A.2d 418, 429 (Pa. 2001)).

The trial court applied the hills and ridges doctrine. The hills and

ridges doctrine is "a long standing and well entrenched legal principle that

protects an owner or occupier of land from liability for generally slippery

conditions resulting from ice and snow where the owner has not permitted

the ice and snow to unreasonably accumulate in ridges or elevations."

-3-

*Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.,* 828 A.2d 1114, 1116 (Pa. Super. 2003) (quoting *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087 (Pa. Super. 1997)).

> [T]he doctrine of hills and ridges provides that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climactic conditions in this hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition.

*Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 526 (Pa. Super. 2006) (quoting *Harmotta v. Bender*, 601 A.2d 837, 841 (Pa. Super. 1992)). Further, we have stated:

> the "hills and ridges" doctrine may be applied only in cases where the snow and ice complained of are the result of an **entirely natural accumulation**, following a recent snowfall, as . . . the protection afforded by the doctrine is predicated on the assumption that [t]hese formations are [n]atural phenomena incidental to our climate.

*Harvey*, 901 A.2d at 526 (emphasis in original) (quoting *Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa. Super. 1975)) (internal citations and quotations omitted). Additionally, the doctrine of "hills and ridges" will not prevent a plaintiff's recovery when the hazard is not the result of a "general slippery condition prevailing in the community, but [results from] a localized patch of ice." *Bacsick*, 341 A.2d at 160.

The doctrine precludes recovery for a fall on snow or ice unless a plaintiff can demonstrate:

(1) that snow and ice had accumulated on [the surface] in ridges and elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Biernacki,* 828 A.2d at 1117 (quoting *Morin*, 704 A.2d at 1088).

In her first issue on appeal, Appellant claims the trial court erred by finding that the hills and ridges doctrine protected Appellees from liability because the evidence established that Appellees failed to treat their parking area during the six hours between the conclusion of the freezing precipitation and the time Appellant fell. We disagree.

Despite the passage of six hours, Appellant admitted that, at the time of her fall, generally slippery conditions existed throughout the community.

Q. And this ice, you mentioned -- from what I understand, at some point, I know you said it wasn't -- no precipitation that day, maybe the night before, I don't know when, but there was a pretty nasty ice storm, correct?

A. Yes.

**Q. And I remember you testifying about the conditions in your -- generally when I asked you, they were icy everywhere, correct?**

**A. Yes.**

Q. And from what I understand, the area you slipped on the ice, we're talking, like you said, the thickness we described it and it was smooth ice; is that correct?

A. Yes.

N.T., Appellant's Deposition, 5/24/13, at 39-40 (emphasis added). In

*Biernacki*, a case involving hills and ridges with a similar passage-of-time component, this Court explained that:

> the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove the snow and ice when it is in a dangerous condition.
>
> Genuine issues of material fact do not exist. It was not reasonable for the snow and ice in the parking lot, that had begun to fall sometime the night before, to be removed by 7:45 a.m. the following morning, particularly in light of the fact that Biernacki fell in snow that had accumulated between the parked cars. It would be totally unreasonable to require a landlord to clear the areas between his tenants' parked cars, prior to removal of the cars in the early morning after a snowfall. Therefore, the trial court acted properly in granting Association and Great Lakes' motions for summary judgment and dismissing Biernacki's claims on this record.

*Biernacki*, 828 A.2d at 1117 (internal citation and quotation marks omitted).

Here, it is undisputed that a wintery mix of rain and snow fell in Appellant's community hours before her fall. At the time of Appellant's fall, the ground was slippery due to the icy conditions, not just in Appellees' parking lot, but in the surrounding community as well. It would not have been reasonable to expect or require Appellees to have cured the icy

conditions in the parking lot by 8:00 a.m. because, as Appellant herself testified, the surrounding area was icy in general, and there was no evidence that the snow and ice had accumulated in ridges or elevations of such size that they unreasonably obstructed travel. *Biernacki*, 828 A.2d at 1117; *Alexander v. City of Meadville*, 61 A.3d 218, 222 (Pa. Super. 2012). Moreover, while Appellant argues that, because an employee of Appellees spread ice-melting salt on the sidewalk and perimeter of the parking lot but failed to ensure the entire lot was salted, that fact does not establish an error in the court's decision. The fact that Appellees had begun ice-removal on the perimeter of the parking lot does not establish that there were hills and ridges in the area where Appellant fell, and there is no testimony or evidence of such a condition. Therefore, Appellant cannot establish all three elements necessary to sustain her claim. *Biernacki*, 828 A.2d at 1117. For these reasons, Appellant's first claim of error fails.

In her next issue, Appellant argues that the hills and ridges doctrine should not apply because Appellant fell on a localized patch of ice. Appellant's Brief at 12. We disagree with Appellant's characterization.

Proof of hills and ridges is not required when the hazard is due to a localized patch of ice. *Harmotta v. Bender*, 601 A.2d 837, 842 (Pa. Super. 1992) (citations omitted). Rather, proof of hills and ridges is necessary only when general slippery conditions prevailed in the community. *Id*. (citation

and quotation marks omitted). Appellant specifically testified that icy conditions were prevalent throughout the community, and as noted, Appellant admitted the area was slippery in general. N.T., Appellant's Deposition, 5/24/13, at 22, 39-40. Thus, Appellant cannot now claim that the ice was localized, where her own testimony admitted "it was icy everywhere" and that the street and sidewalk were covered in smooth ice so "you had to be careful." *Id*. Therefore, because the prevailing conditions were icy and slippery generally, Appellant was required to prove hills and ridges, which as will be discussed below, she failed to accomplish.

In Appellant's final two issues, she claims the trial court erred in concluding that ice had not accumulated to elevations of such size and character as to unreasonably obstruct travel and that her fall was the result of an entirely natural accumulation of ice. Ultimately, these issues challenge the conclusion that the hills and ridges doctrine precluded Appellant's claim.

As noted above, Appellant testified that she slipped on smooth ice, not an area where there were hills and ridges. N.T., Appellant's Deposition, 5/24/13, at 40. Our Supreme Court explained over fifty years ago:

> the burden is upon a plaintiff to prove not only that there was an accumulation of snow and ice on the sidewalk but that such accumulation, whether in the form of ridges or other elevations, was of such size and character to constitute a substantial obstruction to travel. A mere uneven surface caused by persons walking on the snow and ice as it freezes will not constitute such an obstruction to travel. In **Kohler et ux. v. Penn Township**, 305 Pa. 330, 332, 157 A. 681 (involving liability of a municipality

rather than an abutting owner) the general principle is well expressed: It is also true that ice when in the process of formation, or when softened by a rise in temperature will show footprints of the pedestrians who walk thereon, and thereby its surface will become uneven and rough. This is characteristic of all walks, and is as impossible to prevent, as is the presence of the ice. Of course, where ice is suffered to remain upon a walk in substantial ridges that constitute an obstruction to travel, the municipality may be liable. The ridge must be shown to be of such substantial size and character as to be a danger to the public, not a mere uneven surface caused by walking upon the ice. The proof must describe the alleged ridge as to size and character, and be such as to support a finding that it was a substantial obstruction to travel.

*Rinaldi v. Levine*, 176 A.2d 623, 626 (Pa. 1962) (internal quotation marks and emphasis omitted).

In the record before us, there is no evidence that Appellant slipped on anything other than a natural accumulation of ice. Appellant has failed to establish that there was any ridge or elevation that would unreasonably obstruct travel. Thus, the record supports the trial court's summation wherein it stated: "The evidence of record established that the ice and snow occurred hours before [Appellant's] fall, was smooth and not an accumulation into hills or ridges. Accordingly, summary judgment was properly granted for [Appellees]." Trial Court Opinion, 2/6/14, at 2. We conclude that there was no error in the trial court's conclusion that Appellant's fall was the result of an entirely natural accumulation of ice.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, the order granting summary judgment in favor of Appellees is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014