J-S13027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

MARK SUPIK

        Appellant

        v.

RICHARD R. LINGENFELTER T/D/B/A
SPIRIT OF THE NORTH CAMPGROUND

        Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1498 WDA 2014

Appeal from the Order August 11, 2014
In the Court of Common Pleas of Jefferson County
Civil Division at No(s): 68 C.D. 2012

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:        **FILED APRIL 07, 2015**

Appellant, Mark Supik, appeals from the August 11, 2014 order granting the motion for summary judgment filed by Appellee, Richard R. Lingenfelter t/d/b/a Spirit of the North Campground (Lingenfelter). After careful review, we affirm.

We summarize the relevant factual and procedural background of this case as follows. Appellant leased a campsite lot at Spirit of the North Campground (the Campground) from Lingenfelter. Appellant's Complaint, 1/19/12, at 3, ¶ 3. At approximately 8:00 a.m. on the morning of January 23, 2010, Appellant left his trailer at the Campground to use the public facilities. *Id.* at 4, ¶ 7, 8. The road toward the facilities was covered in snow and ice. *Id.* at 4, ¶ 10. Appellant slipped and fell three times and

claimed injuries to his head, neck, back, and wrist. *Id.* at 4, ¶ 13; Lingenfelter's Motion for Summary Judgment, 3/4/14, at Exhibit A (Answer to Lingenfelter's First Set of Interrogatories at 3-4, ¶ 19).

Almost two years later on January 19, 2012, Appellant filed a complaint alleging negligence against Lingenfelter. Lingenfelter filed an answer and new matter on February 23, 2012. On March 4, 2014, after discovery had concluded, Lingenfelter filed a motion for summary judgment.[1] Appellant filed a response in opposition to Lingenfelter's motion for summary judgment on April 3, 2014 to which Lingenfelter responded on April 10, 2014. The trial court conducted a hearing on the motion on July 21, 2014 and granted Lingenfelter's motion for summary judgment on August 11, 2014. Appellant filed a timely notice of appeal on September 10, 2014.[2]

_____

[1] We note Lingenfelter filed his notice of service of discovery on March 1, 2012. Appellant failed to respond. Lingenfelter then filed a motion to compel on May 22, 2012, which the trial court granted on the same day. Appellant failed to comply with the order, and Lingenfelter filed a motion for sanctions on July 12, 2012. Thereafter, Appellant responded to the discovery request, and Lingenfelter withdrew his motion for sanctions on August 31, 2012. A deposition of Appellant was ultimately conducted on October 9, 2012. The docket does not reflect that Appellant sought any discovery from Lingenfelter in this matter.

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. In its Rule 1925 opinion, the trial court relies on its analysis in its August 11, 2014 opinion granting summary judgment. Trial Court Opinion, 10/2/14.

We first observe the required "statement of the question involved" section is conspicuously absent from Appellant's brief. *See* Appellant's Brief at 1-11; Pa.R.A.P. 2111(4) (requiring a "[s]tatement of the questions involved" section to be included in each appellant's brief); Pa.R.A.P. 2116 (requiring, in relevant part, "[t]he statement of the questions involved must state concisely the issued to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail[]"). Despite this blatant omission and noncompliance with our rules of appellate procedure, Appellant's "summary of the argument" section informs this Court that Appellant challenges the entry of summary judgment because Appellant believes "[t]he trial court ignored and discounted evidence that created an issue of material fact."[3] Appellant's Brief at 5. While we note, with strong disapproval, this glaring defect in Appellant's brief, it does not preclude meaningful appellate review, so we proceed to examine Appellant's claim. *See Green v. Green*, 69 A.3d 282, 285 n. 2 (Pa. Super. 2013) (observing if an appellant's nonconformance with the rules of appellate procedure does

_____

[3] Appellant's Rule 1925(b) statement preserved challenges to the trial court's grant of summary judgment. Specifically, Appellant averred that the trial court misapplied the summary judgment standard and the hills and ridges doctrine and erred in granting the motion for summary judgment against "the weight and sufficiency of the evidence presented at the hearing." Appellant's Rule 1925(b) Statement, 9/30/2014.

not hinder review of the issues or prejudice the parties, this Court will address the merits of the appeal).[4]

Our standard of review of an order granting summary judgment is well settled. Our task is "to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." *Rodriguez v. Kravco Simon Co.*,--- A.3d ---, 2015 WL 720553, at *1 (Pa. Super. 2015) (citation omitted).

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. When the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which [he] bears the burden of proof … establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Cigna Corp. v. Executive Risk Indem., Inc.*, --- A.3d ---, 2015 WL 836933, at *3 (Pa. Super. 2015) (citation omitted). "[O]ur responsibility as an appellate court is to determine whether the record either establishes that

_____

[4] We note Lingenfelter responded to the substance of Appellant's argument and did not contend this defect in Appellant's brief resulted in prejudice.

the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder." **Reinoso v. Heritage Warminster SPE LLC**, --- A.3d ---, 2015 WL 161934 at *3 (*en banc*) (citation omitted). Consequently, if the record contains evidence that would allow a fact-finder to return a verdict in favor of the non-movant, then summary judgment is not proper. **Id.**

Appellant challenges the trial court's finding that no genuine issue of material fact existed. Appellant's Brief at 8. Specifically, the trial court found Appellant's falls resulted from the generally icy conditions on the flat surfaces at the Campground. Trial Court Opinion, 8/11/14, at 4. Therefore, the trial court reasoned, the hills and ridges doctrine protected Lingenfelter from liability because Appellant was unable to establish his falls were a result of an unreasonable accumulation of snow or ice in ridges or elevations. **Id.** Appellant contends that the trial court's application of the hills and ridges doctrine is inapplicable and that issues of fact remain. Appellant's Brief at 8. Appellant advances the following argument.

> The existence of the photographs [taken at Campground] depicting the character of the ridges and calling into question whether the hills and ridges doctrine applies, as well as testimony from [A]ppellant concerning the cause of his slip, when taken in the light most favorable to the non-moving party[,] create several issues of material fact that must be left to the jury.

*Id.* Lingenfelter responds by asserting that, "[Appellant's] evidence of generally slippery conditions and icy roadways covered by fresh snow are not sufficient to establish liability[.]" Lingenfelter's Brief at 8. Further, "[t]here is nothing of record by which it can be inferred that there was anything more than a natural accumulation of snow/ice on the road and steps." *Id.* at 11.

We now turn to an examination of the hills and ridges doctrine to determine if the trial court erred in applying it to the facts of the instant case. The hills and ridges doctrine is a "long standing and well entrenched legal principle …." ***Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.***, 828 A.2d 1114, 1116 (Pa. Super. 2003) (internal quotation marks and citation omitted).

> [T]he doctrine of hills and ridges provides that an owner or occupier of land is not liable for general slippery conditions, for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in the hemisphere. Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition.

***Harvey v. Rouse Chamberlin, Ltd.***, 901 A.2d 523, 526 (Pa. Super. 2006) (citation omitted). Further, in order to recover for a fall on an ice or snow covered surface, a plaintiff must demonstrate the following.

> (1) [T]hat the snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and

constitute a danger to pedestrians traveling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Biernacki*, *supra* at 1117 (citation omitted).

Instantly, the trial court explained its rationale in light of the evidence of record as follows.

> In his answers to interrogatories and [deposition] testimony, [Appellant] described generally icy conditions across the hard surfaces at the Campground. He also noted that all the areas were snow-covered and that more sleet and snow had fallen the night before his accident. Nowhere did he describe ridges and elevations of snow and ice, however, nor did anyone else on his behalf.
>
> The photographs do not suggest that Lingenfelter allowed ice and snow to unreasonably accumulate in ridges or elevations, either. As Photos One through Three depict, the buildup [of snow] near where [Appellant] fell cannot reasonably be characterized as anything more than mild, and Photo Four does not cast doubt on that characterization. Rather, it was shot from a different angle from which relative elevations could not be determined, whereas the other photographs plainly depicted that the vertical difference between the road surface and the tops of the snow banks was minimal. No reasonable jury could conclude otherwise.
>
> Assuming, however, that a reasonable jury could agree that the photographs depicted unacceptable ridges or elevations, Lingenfelter would still be entitled to summary judgment based on [Appellant's] failure to produce evidence tending to show that they were the cause of his fall. Most clearly describing the mechanics of it, he specified only that he "slipped and fell on the steps while dislodging a chunk of ice from the restrooms," and

that he "stopped there [at the bottom of the steps …], and there was a piece of ice right there, probably." The latter statement, insofar as it described causation, was merely conjecture, and neither lent itself to the reasonable inference that an unreasonable accumulation of ice and snow at the bottom of the steps precipitated his fall.

Because [Appellant] is unable as a matter of law to establish liability against Lingenfelter, [], [Lingenfelter] is entitled to summary judgment in this case.

Trial Court Opinion, 8/11/14, at 4 (citations omitted).

We agree with the trial court that Appellant failed to demonstrate that the snow and ice had accumulated in ridges or elevations such that it unreasonably obstructed travel and constituted a danger to pedestrians, and Appellant failed to produce evidence that a dangerous accumulation of snow or ice caused him to fall. **See Biernacki**, **supra**.

In response to Lingenfelter's interrogatories, Appellant recounts the events leading to his falls.

[Appellant], on the morning of January 23, 2010[,] was traveling from his campsite to the facility designated by the [C]ampground as the restroom area. To use the restrooms, [Appellant] had to cross open land and a roadway, each of which had fresh snow on top of old ice. [Appellant] slipped and fell on the ice going to the restroom, injuring his elbow, back and head.

…

On the way out of the restroom facility, and while exercising care on the snow and ice covered steps, [Appellant] slipped and fell on the steps while

dislodging a chunk of ice from the roof of the restrooms. …

Lingenfelter's Motion for Summary Judgment, 3/4/14, at Exhibit A (Answer to Lingenfelter's First Set of Interrogatories at 3-4, ¶ 19).[5]  In response to an inquiry about the weather conditions at the time of the incident, Appellant reported there were "[s]cattered snow showers, though not at the time of injury.  Some blowing snow.  Lighting was daylight during partly cloudy day."  *Id.* at 4, ¶ 21.  Further, Appellant testified regarding his falls at his deposition as follows.

> [Attorney for Lingenfelter]:
>
> Q.  What were the weather conditions like when you drove up to the [C]ampground prior to your fall?
>
> [Appellant]:
>
> A.  There was a little snow; snowing a little bit.
>
> Q.  And tell me about what you remember of the weather from the time that you got to your trailer until the time of your fall.
>
> A.  It was snowing lightly, and it was icy and that, and that's it.  It was just snowing lightly.
>
> Q.  You said it was icy?
>
> A.  I said snowing lightly, and underneath the snow there was ice.

_____

[5] Appellant's answer to Lingenfelter's first set of interrogatories does not contain pagination.  For ease of reference, we have assigned each page a corresponding page number.

Q. And was there ice when you got to the [C]ampground?

A. Huh-uh (no). It was cold.

Q. So how long were you at the trailer prior to your fall?

A. A day, a day before or so.

…

Q. So tell me about your trip from your cabin, across the turf, to the time you fell.

A. Okay. Everything was all good in the hood till I got to the road to go to the trailer, and it was all ice. I was walking slow, and I fell twice before I got there. I had to crawl. And then I went up in there, and then coming down, I slipped, and then I got hurt.

*Id.* at Exhibit B (N.T., 10/9/12, at 25-26, 31).

The record clearly demonstrates that conditions at the Campground were icy because of recent snowfall and that Appellant's falls occurred while walking on flat, snow and ice covered surfaces.[6] While the photographs relied on by Appellant suggest a slight buildup of snow in the area where Appellant contends he fell for the third time, nowhere in his complaint

_____

[6] To the extent Appellant attempts to argue the motion for summary judgment was improper because discovery had not concluded, we find this claim meritless and unsupported by the record. Appellant's Brief at 8. As noted, Lingenfelter sought discovery several times from Appellant before Appellant complied with the orders of the trial court. Moreover, at no time from the filing of the complaint onward did Appellant seek any formal discovery from Lingenfelter. *See* Appellant's Brief at 8.

against Lingenfelter, his answer to interrogatories, or in his deposition testimony, does he attribute his fall to an unreasonable accumulation of ice or snow in ridges or elevations obstructing his travel. **See id.** at Exhibit B (Photographs One through Four); **see generally** Appellant's Complaint, 1/19/12, 3-6; Lingenfelter's Motion for Summary Judgment, 3/4/14, at Exhibit A (Answer to Lingenfelter's First Set of Interrogatories at 1-5); **id.** at Exhibit B (N.T., 10/9/12, at 3-51).[7] Rather, Appellant consistently maintained that the surface of the road and stairs were generally slippery and icy. Moreover, Appellant unequivocally stated his third fall occurred as he was coming down the stairs. Lingenfelter's Motion for Summary Judgment, 3/4/14, at Exhibit B (N.T., 10/9/12, at 31). A reasonable fact-finder, therefore, could not conclude any accumulation of snow in the area surrounding the base of the stairs obstructed his path down the stairs. **See Reinoso**, **supra**; **Biernacki**, **supra**. Nor does Appellant contend, at any time, that his two falls preceding his entry into the facilities, which occurred on the road, were the result of snow or ice accumulation in ridges or elevations.

Based on the foregoing and our review of all the evidence of record, we conclude Appellant has failed to adduce sufficient evidence on an issue

_____

[7] Appellant testified his girlfriend took these photographs of the area right after the incident occurred. Lingenfelter's Motion for Summary Judgment, 3/4/14, at Exhibit B (N.T., 10/9/12, at 39).

essential to his case on which he bore the burden of proof. ***See Cigna Corp.***, ***supra***. In particular, viewing the evidence in the light most favorable to Appellant, he has failed to adduce evidence that there was an unreasonable accumulation of ice or snow that unreasonably obstructed his travel or constituted a danger to pedestrians or that the possible buildup of snow was the cause of his falls. ***See id.***; ***see Biernacki***, ***supra***. Accordingly, the trial court did not err in granting summary judgment in favor of Lingenfelter, and the August 11, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2015