J-A12030-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| JAMES M. HARE, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ZAFFINO, D/B/A MARK | : | No. 1349 WDA 2018 |
| ZAFFINO SNOW REMOVAL | : | |

Appeal from the Order Entered August 21, 2018
In the Court of Common Pleas of Warren County Civil Division at No(s):
2016-597

BEFORE:  BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                FILED AUGUST 28, 2019

Appellant, James M. Hare, Jr., appeals from the August 21, 2018 Order,

entered in the Warren County Court of Common Pleas, granting the Motion for

Summary Judgment filed by Mark Zaffino, d/b/a Mark Zaffino Snow Removal

("Appellee").  After careful review, we affirm.

In its August 21, 2018 Memorandum Opinion, the trial court set forth

the uncontested facts and procedural history as follows:

> [Appellee] owns and operates a snow removal business in Warren,
> Pennsylvania.  Following a bid solicitation, Kiantone Pipeline
> Corporation ["Property Owner"] contracted with [Appellee] to
> provide snow removal services at Cobham Park Tank Farm,
> located in Warren, Pennsylvania [("Snow Removal Agreement")].
> The Tank Farm is an industrial park used for storage of crude oil
> and oil products.  It is accessed exclusively by unpaved cinder
> roadways, which provide routes to various oil tanks throughout
> the property.  The roadways are used by trucks entering and
> leaving the site, and [by] workers traveling throughout the
> property.  The [S]now [R]emoval [Agreement] required

[Appellee] to complete all necessary snow removal services before 7:00am, or after an accumulation of 3 inches of snow, and to lay down cinder upon request.

On the evening of January 4, and into the morning of January 5, 2015, a significant snowstorm occurred in the Warren area causing a substantial accumulation of snow and ice at the Tank Farm. Harry Rosquist ("Rosquist"), an employee of [Appellee], plowed the [T]ank [F]arm on the morning of January 5, 2015, between 4:25am and 5:30am. Rosquist partially performed the necessary snow removal, leaving an area of roadway untouched.

[Appellant], an employee of the [Property Owner], arrived at the Tank Farm at approximately 5:30am on January 5, 2015. [He] testified at deposition that the snowstorm was ongoing when he arrived. He estimated an approximate amount of 5 ½ to 6 inches of snow was already on the ground. While attempting to walk on the unplowed area of roadway, [Appellant] slipped and fell on the ice and snow[,] which caused him to sustain a fracture to his left leg.

Trial Ct. Op., 8/21/18, at 2 (footnotes omitted).

On March 20, 2017, Appellant filed a Complaint against Appellee solely alleging a theory of negligence.[1] On April 3, 2017, Appellee filed an Answer and New Matter. At the close of discovery, on June 13, 2018, Appellee filed a Motion for Summary Judgment and Brief in Support, to which Appellant filed a Response.

On July 18, 2018, the trial court held a hearing on the Motion for Summary Judgment. Prior to issuing a decision, the court requested that the parties submit briefs addressing Appellant's allegation that Appellee had an

_____

[1] Appellant did not allege that Appellee had breached the Snow Removal Agreement with the Property Owner, that Appellant was an intended third-party beneficiary of the Snow Removal Agreement, or that Appellee owed a duty to Appellant pursuant to Restatement (Second) of Torts §§ 323 and 324A.

increased duty of care to Appellant by virtue of Appellee's Snow Removal Agreement with the Property Owner that rendered the "hills and ridges" doctrine inapplicable. The court also directed the parties to identify any outstanding factual issues that required resolution prior to it rendering a decision. Both parties complied with the court's directive; however, neither party raised any factual disputes requiring resolution in their briefs.

Following its consideration of the Motion for Summary Judgment, Appellant's Response, the parties' arguments, and their supplemental briefs, the court granted Summary Judgment in favor of Appellee. In sum, the court agreed with Appellee that the "hills and ridges" doctrine insulated Appellee from liability for the snow and ice condition present at the Tank Farm on the morning of January 5, 2015. The court rejected Appellant's contention that the "hills and ridges" doctrine did not apply because: (1) Appellee had entered into the Snow Removal Agreement, which triggered a higher duty on him; or (2) Appellee was not the owner of the land.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the trial court erred in affording [Appellee] the protection of the "hills and ridges" doctrine when [Appellee] was neither an owner nor possessor of the land where [Appellant] was injured?

2. Whether the court below erred in determining that [Appellee] did not accept a higher standard of care by agreeing to plow the area in question during a snow event any time three (3″)

inches of snow had fallen and to spread cinders upon each plowing to facilitate ongoing operations?

Appellant's Brief at 4.

In his first issue, Appellant claims the trial court erred in granting summary judgment in favor of Appellee based on its finding that the "hills and ridges" doctrine applied to absolve Appellee of liability, even though he was neither the owner nor possessor of the land and had assumed a heightened duty to maintain the property pursuant to the Snow Removal Agreement. Id. at 11-15.

Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Id. (citation and quotation omitted); see also Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts

of record and reasonable inferences therefrom in a light most favorable to the non-moving party." Summers, supra at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." Id. (citation and internal quotation marks omitted).

The "hills and ridges" doctrine protects an owner or occupier from liability for generally slippery conditions resulting from ice and snow if the owner has not permitted the ice and snow to accumulate unreasonably into ridges or elevations. See generally Harmotta v. Bender, 601 A.2d 837, 841-42 (Pa. Super. 1992) (reviewing the "hills and ridges" doctrine). To overcome the application of the "hills and ridges" doctrine in this context, a plaintiff is required to prove: "(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall." Id. at 841 (quoting Gilligan v. Villanova University, 584 A.2d 1005, 1007 (Pa. Super. 1991).

[T]he only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition." Gilligan, 584 A.2d at 1007 (citation omitted).

Additionally, it is well-established that "[a]n independent contractor is in possession of the necessary area occupied by the work contemplated under the contract, and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or the premises." Motter v. Meadows Ltd. Partnership, 680 A.2d 887, 890 (Pa. Super. 1996) (citation omitted). See also Harvey v. Rouse Chamberlin, Ltd., 901 A.2d 523, 526 n.4 (Pa. Super. 2006) (where this Court applied the principle that an independent contractor is in possession of land to the context of the applicability of the "hills and ridges" doctrine").

Generally, when a plaintiff brings a tort action against an independent contractor, the court will apply the "hills and ridges" doctrine. See Biernacki v. Presque Isle Condo. Unit Owners Ass'n, Inc., 828 A.2d 1114, 1117 (Pa. Super. 2003).

Applying these principles to the facts of this case, the trial court, citing, inter alia, Harvey, supra, explained its conclusion that "[a]s a possessor of land, [Appellee] would fall under the liability protections of the hills and ridges doctrine." Trial Ct. Op. at 4.

In light of the foregoing case law and the undisputed facts, we agree with the trial court that, as an independent contractor, Appellee was entitled to invoke the protections of the "hills and ridges" doctrine. Appellant is, therefore, not entitled to relief on this claim.

In his second issue, Appellant makes two arguments. First, he claims that Appellee is liable for Appellant's injury pursuant to Restatement (Second) of Torts §§ 323 and 324A, because Appellant in the Snow Removal Agreement undertook a duty to render services, but failed to exercise reasonable care in performing those services. Appellant's Brief at 16-18.

With respect to his argument predicated on the Restatement (Second) of Torts, this Court's review of the record indicates that Appellant has raised it for the first time on appeal. It is, therefore, waived.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Indeed, our Supreme Court has explained the reasons for this as follows:

> Issue preservation is foundational to proper appellate review. Our rules of appellate procedure mandate that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. Lincoln Philadelphia Realty Assoc. v. Bd. or Revision of Taxes of Philadelphia, 758 A.2d 1178, 1186 (Pa. 2000). This jurisprudential mandate is also grounded upon the principle that a trial court, like an administrative agency, must be given the opportunity to correct its errors as early as possible. Wing v. Com. Unemployment Comp. Bd. of Review, 436 A.2d 179, 181 (Pa. 1981). Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. See generally Dilliplaine v. Lehigh Valley Trust Co., 322 A.2d 114, 116–17 (Pa. 1974). Finally, concepts of fairness and expense to the parties are implicated as well. Id.

In re F.C. III, 2 A.3d 1201, 1211-12 (Pa. 2010). Moreover, where there is a failure to preserve a claim in the court below, this Court may not address the claim sua sponte. Steiner v. Markel, 968 A.2d 1253, 1257 (Pa. 2009).

In the alternative, Appellant argues that the trial court erred in applying the "hills and ridges" doctrine to protect Appellee from liability because the Snow Removal Agreement between Appellee and the Property Owner imposed upon Appellee a heightened duty that supersedes the applicability of the "hills and ridges" doctrine; and Appellee's breach of that heightened duty renders Appellee liable to Appellant under a theory of negligence. Appellant's Brief at 19-21. In other words, Appellant argues that the express terms of the Snow Removal Agreement between the Property Owner and Appellee imposed a duty to remove snow at specific times and in specific amounts. Since Appellee failed to remove the snow as required in the Snow Removal Agreement, Appellant asserts that Appellee breached its duty to Appellant and is liable under a theory of negligence.

In support of this claim, Appellant relies on Biernacki, supra to impose upon Appellee the duty to Appellant that Appellee undertook in the Snow Removal Agreement. In Biernacki, the plaintiff sued her landlord ("Landlord") only in negligence after she fell in the Landlord's parking lot on a snowy morning. Biernacki, 828 A.2d at 1115. The plaintiff's theory of liability was that the Landlord negligently permitted snow and ice containing hills and ridges to remain in its parking lot following a recent storm. Id. The Landlord, in turn, joined the contractor it had hired to clear the snow

("Contractor"). Id. The plaintiff did not assert a cross-claim against the Contractor.

Both the Landlord and Contractor filed motions for summary judgment based on the doctrine of "hills and ridges," which the trial court granted. On appeal, the Biernacki plaintiff argued that the lower court erred in applying the "hills and ridges" doctrine because the Lease imposed on the Landlord a duty to remove the snow and the trial court erred in lowering this duty by applying the doctrine of "hills and ridges." Id. at 1117. The Superior Court, however, rejected this argument and concluded that, because the Lease did not provide an "independent standard stating the degree to which or the time period within which the snow must be removed," the "hills and ridges" doctrine defined the Landlord's duty and thus, insulated the Landlord from liability for the plaintiff's injuries. Id.

Important to our analysis in this case, the Biernacki Court only addressed the duty that the Landlord owed the plaintiff arising from the Lease and did not address the duty that the Contractor owed the plaintiff, or any third party, in a negligence claim.

With this in mind, we decline to accept Appellant's reliance on Biernacki court in support of his claim that Appellee owes a duty to Appellant defined by the terms of the Snow Removal Agreement. The Biernacki court focused on the parties' lease to determine the Landlord's duty to its tenant. In the instant case, Appellant is not a party to the Snow Removal Agreement and Biernacki does not address the duty of a party to a contract to a third party,

- 9 -

let alone impose such a duty. Without some legal basis to impose a duty on Appellee pursuant to the Snow Removal Agreement under a theory of negligence, Appellant's argument fails.[2]

In sum, it is undisputed that at the time of Appellant's fall, the snow was continuing and had not accumulated to point that "hills and ridges" had formed. Also, since Appellant has failed to establish that, under a theory of general negligence, the Snow Removal Agreement imposed on Appellee a duty to Appellant, we are constrained to affirm the trial court's grant of the Motion for Summary Judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2019

---

[2] While Appellee's alleged failure to exercise reasonable care in performing the snow removal services it undertook to perform may give rise to a Restatement-based tort claim against Appellee, as noted supra, Appellant failed to plead such a claim.