J-A24033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERICKA O'LEARY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FEDERAL REALTY INVESTMENT | : | No. 267 EDA 2021 |
| TRUST | : | |

Appeal from the Order Entered January 20, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s): No. CV-2018-009839

| | | |
|---|---|---|
| ERICKA O'LEARY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| POSITANO CONSTRUCTION, INC | : | No. 268 EDA 2021 |

Appeal from the Order Entered January 20, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s): No. CV-2019-004147

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED NOVEMBER 29, 2021**

The central issue in these two consolidated appeals is whether the Court

of Common Pleas of Delaware County (trial court) properly granted summary

judgment in favor of a landowner and a snow-removal company who were

_____

[*] Retired Senior Judge assigned to the Superior Court.

alleged to be negligent in a slip-and-fall incident. The plaintiff, Ericka O'Leary (O'Leary), contends that her tort claims against Federal Realty Investment Trust (FRIT) and Positano Construction, Inc. (Positano) should not have been dismissed because there existed genuine issues of material fact for a jury to resolve. Finding no merit in O'Leary's appellate grounds, we affirm the two summary judgment orders under review.

## I.

On the afternoon of March 2, 2018, O'Leary began walking from her place of employment in the Lawrence Park Shopping Center to her vehicle in the nearby parking lot that was part of the premises. FRIT owned the property and it had contracted with Positano to plow snow accumulated at that location. On the morning of the date in question, the area received rain. Later in the day, from about noon until 8:30 p.m., the area received about four inches of snow. Positano began plowing the snow at about 1:30 p.m. and continued to do so until early the next morning.

In her complaint and subsequent deposition, O'Leary alleged that when she walked toward the parking lot at about 4:30 p.m., she began slipping on "snow/ice," causing her to fall. Once she had fallen, she had difficulty getting up because she "kept slipping and slipping and slipping." O'Leary Deposition, 12/19/2019, at p. 31. O'Leary stated that she had not noticed the ice because plowing in that area had turned it black. *See id.* at pp. 27-28. It was also undisputed that it was snowing at the moment that O'Leary fell, and that she

was "soaking wet" due to her contact with the "water, the snow or the ice." **Id.** at pp. 26, 33, 83. O'Leary submitted photographic and video evidence to corroborate the fact that it had been snowing at the time of the incident.[1]

O'Leary claimed that FRIT and Positano were liable for her fall because they had failed to exercise reasonable care in allowing a dangerous condition to exist on the property. FRIT and Positano both moved for summary judgment, asserting that they were not liable for O'Leary's fall as a matter of law because the incident had occurred during an ongoing snowstorm. They argued that under the "hills and ridges" doctrine, a party in control of land only has a duty of care to invitees to remove slippery conditions once a snowstorm has ceased. Agreeing with FRIT and Positano, the trial court granted their motions for summary judgment.

O'Leary moved for reconsideration of the summary judgment orders and the trial court granted it. In her supplemental briefing, O'Leary attempted to distinguish the circumstances of her case from those in cases in which the hills and ridges doctrine was applied, such as **Carrender v. Fitterer**, 469 A.2d 120 (Pa. 1983). She argued that the doctrine was inapplicable because her fall resulted from black ice that formed due to Positano's snow plowing operations and not solely from a natural accumulation of snowfall. On

---

[1] FRIT attached as an exhibit to its summary judgment motion photos of the area taken by one of O'Leary's co-workers, Lorraine Gray, immediately after O'Leary left the area. **See** O'Leary Deposition, 12/19/2019, at p. 27.

reconsideration, the trial court affirmed the orders granting summary judgment, emphasizing that the hills and ridges doctrine bars O'Leary's negligence claims because it was still snowing at the time of her fall. O'Leary then filed the instant timely appeal.

**II.**

Although O'Leary raises six issues on appeal, all of those appellate claims turn on whether the trial court erred in resolving contested facts and in applying the "hill and ridges doctrine."

**A.**

Summary judgment is appropriate "whenever there is no genuine issue of any material fact as to a necessary element of the cause of the action or defense which could be established by additional discovery or expert report." Pa.R.C.P. 1035.2.[2] "Facts and reasonable derivative inferences are generally considered in the light most favorable to the non-moving party, and doubts are resolved against the moving party." *Lance v. Wyeth*, 85 A.3d 434, 449 (Pa. 2014).

A plaintiff in a negligence action must prove that the defendant "owed a duty of care to the plaintiff, that duty was breached, the breached resulted

---

[2] An order granting summary judgment "will be reversed only where it is established that the court committed an error of law or abused its discretion." *Kowalski v. TOA PA V, L.P.*, 206 A.3d 1148, 1156 (Pa. Super. 2019) (quoting *Abrams v. Pneumo Abex Corp.*, 981 A.2d 198, 203 (Pa. 2009)).

in the plaintiff's injury, and the plaintiff suffered an actual loss or damages."

***Collins v. Philadelphia Suburban Dev. Corp.***, 179 A.3d 69, 73 (Pa. Super.

2018) (quoting ***Merlini ex rel. Merlini v. Gallitzin Water Auth.***, 980 A.2d

502, 506 (Pa. 2009)).  Land possessors are liable for physical harm suffered

by an invitee if:

> [the land possessor] knows of or reasonably should have known
> of the condition and the condition involves an unreasonable risk
> of harm, [the possessor] should expect that the invitee will not
> realize it or will fail to protect [himself] against it, and the
> [possessor] fails to exercise reasonable care to protect the invitee
> against the danger.

***Id.*** at 74 (quoting ***Estate of Swift v. Northeastern Hosp. of Philadelphia***,

690 A.2d 719, 722 (Pa. Super. 1997)).

In the context of a weather event such as a snowstorm, the hills and

ridges doctrine "protects an owner or occupier of land from liability for

generally slippery conditions resulting from ice and snow where the owner has

not permitted the ice and snow to unreasonably accumulate in ridges or

elevations." ***Morin v. Traveler's Rest Motel, Inc.***, 704 A.2d 1085, 1087

(Pa. Super. 1997).

Pennsylvania courts have long held that there is no "absolute duty" on

the part of a landowner to keep an area free of snow and ice at all times

because it "would require the impossible in view of the climactic conditions."

***Rinaldi v. Levine***, 176 A.2d 623, 625 (Pa. 1962).  "[T]here is no liability

created by a general slippery condition on the surface of a parking lot.  It must

appear that there were dangerous conditions due to ridges or elevations,

which were allowed to remain for an unreasonable length of time." **Roland v. Kravco, Inc.**, 513 A.2d 1029, 1032 (Pa. Super. 1986).

In sum, an owner or occupier of land has a duty to remove a dangerous condition caused by ice or snow within a reasonable time after receiving notice of that condition. **See Biernacki v. Presque Isle Condo. Unit Owners Ass'n, Inc.**, 828 A.2d 1114, 1116 (Pa. Super. 2003); **see also Carrender**, 469 A.2d at 124-25 (explaining that a landowner has a duty to protect invitees from unknown, unforeseeable hazards on the premises, but not from hazards which are known or obvious to the invitees). Where a snow removal entity is alleged to be negligent based on a theory of liability rooted in tort (as Positano is here), the entity is protected by the "hills and ridges" doctrine to the same degree as a landowner. **See Biernacki**, 828 A.2d at 1117.

To avoid the application of the hills and ridges doctrine, a plaintiff must show:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

**Id.** at 1088 (quoting **Rinaldi**, 176 A.2d at 625).

**B.**

In the present case, it was undisputed that it began snowing at the location of FRIT's premises at about 8:30 a.m. on March 2, 2018. FRIT hired

Positano to plow the snow in the area and the plowing began at about 1:30 p.m. O'Leary's slip-and-fall happened at about 4:30 p.m. and she admits that it was snowing at that time. The snowstorm did not end until about 8:30 p.m.

These unrebutted facts establish that O'Leary's fall happened during an ongoing winter weather event. As such, the hills and ridges doctrine applies, and FRIT and Positano had a duty to take reasonable steps to remove dangerous conditions on the property once the snowstorm had ceased. No evidence was presented in this case that so much as suggested that FRIT and Positano breached that duty. Instead, the evidence shows that they attempted to remove snow and ice from the property in due course. O'Leary's testimony established further that the snow or ice she slipped on was not visible or apparent, so neither FRIT nor Positano would have had notice that an unreasonably dangerous condition existed in the particular spot where she fell.

The trial judge properly considered these undisputed material facts when applying both the summary judgment standard and the hills and ridges doctrine. Accordingly, O'Leary's tort claims against FRIT and Positano were precluded as a matter of law, and the orders of summary judgment must stand. *See Collins*, 179 A.3d at 75 (affirming summary judgment against plaintiff who slipped during a winter storm event); *Biernacki*, 828 A.2d at 1117; *Harmotta v. Bender*, 601 A.2d 837, 842 (Pa. Super. 1992) ("Instantly, a review of the record reveals that generally slippery conditions

existed in the community at the time of the appellant-wife's fall. A layer of fresh snow, which had fallen the day of the accident, covered a layer of packed snow and ice.").[3]

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2021

---

[3] To the extent that O'Leary claims she slipped on ice that was not visible or covered by snow, summary judgment would still be proper because such a condition, arising during an ongoing winter event, would implicate the hills and ridges doctrine. **See Roland**, 513 A.2d at 1032 (affirming summary judgment because there was "no indication that there was a dangerous condition on the land. Even if a dangerous condition existed, the property owner is not liable if it is reasonable for the possessor of land to believe that the dangerous condition would be obvious to and discovered by an invitee.").