J-A31035-17

2018 PA Super 17

| DAVID COLLINS AND KATRINA CANNON-COLLINS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| | : | No. 1484 EDA 2017 |
| PHILADELPHIA SUBURBAN DEVELOPMENT CORPORATION AND ROSS'S HOME IMPROVEMENT, INC. | : | |

Appeal from the Judgment Entered May 30, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): April Term, 2015 No. 3519

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED JANUARY 31, 2018**

David Collins ("Mr. Collins") and Katrina Cannon-Collins ("Mrs. Cannon-Collins") (collectively "Appellants") appeal from the judgment entered on May 30, 2017, in this slip and fall case.  During the course of the proceedings below, the trial court entered summary judgment in favor of Philadelphia Suburban Development Corporation ("PSDC") on the basis the "hills and ridges" doctrine precluded a finding of liability.  On appeal, Appellants claim the trial court erred in granting PSDC's motion for summary judgment.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  On April 30, 2015, Appellants filed a civil complaint against PSDC and Ross's Home Improvement, Inc. ("Ross's") averring that, on January 21, 2014, Mr. Collins

_____

* Former Justice specially assigned to the Superior Court.

slipped and fell on an ice/snow covered sidewalk on property owned by PSDC and leased to Mr. Collins' employer, the Pennsylvania Board of Probation and Parole. Mr. Collins averred PSDC had contracted with Ross's for maintenance of the premises, including ice and snow removal. Mr. Collins averred that, due to the negligence of PSDC and Ross's, he suffered severe injury from the fall, and his wife, Mrs. Cannon-Collins, averred a loss of consortium. Thereafter, with court approval, Appellants filed an amended complaint naming as additional defendants Earl Ross, individually, and his additional businesses: Ecosystem Gardening, Goodman & Ross Trucking & Excavation Construction, LLC, and EVR Landscaping.

On August 2, 2016, PSDC filed a motion for summary judgment. Therein, PSDC noted that Mr. Collins, who was a parole agent and worked at an office on the premises, admitted he "was aware that it had been snowing. There was a substantial amount of snow on the ground before [his] fall." PSDC Motion for Summary Judgment, filed 8/1/16, at 2 (quoting Mr. Collins' Deposition, 2/9/16, at 41-46). Further, PSDC indicated Mr. Collins admitted "[f]rom early that morning to the time of [his] fall there was a blizzard occurring. So, there was a lot of snow falling and that accumulated on the ground over a number of hours." *Id.* (quoting Mr. Collins' Answers to PSDC's Interrogatories, at No. 31).

PSDC noted Mr. Collins' work partner, Kevin Dodson, confirmed it had been snowing on the day of Mr. Collins' fall and it had taken the ambulance a

"long time" to arrive due to the weather conditions. *Id.* Further, PSDC noted Edward Furlong, the district director of the Board of Probation and Parole, testified "it was a very snowy day and [his] recollection [was] that [the office] closed early." *Id.* at 3 (quoting Mr. Furlong's Deposition, 2/10/16, at 37). PSDC indicated a security video of the parking lot showed Mr. Collins' accident and the video confirmed it was snowing at the time the fall occurred.[1]

Accordingly, based on the evidence produced during discovery, PSDC argued there was no dispute Mr. Collins slipped and fell on ice/snow from the active blizzard, and thus, PSDC sought summary judgment on the basis it did not breach any duty it owed to Mr. Collins. Specifically, PSDC argued that, pursuant to the hills and ridges doctrine, it had no duty to remove ice/snow from the premises during the blizzard.[2]

---

[1] The trial court noted in its opinion that it reviewed the video and "[n]o reasonable person viewing the video could conclude that the weather conditions at the time of the fall were anything other than those of a blizzard." Trial Court Opinion, filed 1/8/17, at 4 n.1. This Court has not been provided with the video; however, no party has challenged the trial court's characterization of what the video depicted.

[2] PSDC further argued it contracted with Ross's to remove the ice/snow, relied on the expertise of Ross's for so doing, and did not exercise control over the means and methods of Ross's work. PSDC Motion for Summary Judgment, filed 8/1/16, at 4. Thus, PSDC argued Ross's was an independent contractor and, consequently, PSDC was not liable for the lack of ice/snow removal. Moreover, PSDC argued it was not negligent in selecting Ross's for the purposes of ice/snow removal. Having found the hills and ridges doctrine precluded liability as to PSDC, the trial court declined to reach PSDC's additional arguments. *See* Trial Court Opinion, filed 1/8/17, at 7 n.2.

On August 31, 2016, Appellants filed an answer in opposition to the motion for summary judgment, to which PSDC filed a response. Appellants filed a second answer on September 23, 2016. By order entered on October 3, 2016, the trial court granted PSDC's motion for summary judgment and dismissed Appellants' claims against PSDC.[3] In granting PSDC's motion for summary judgment, the trial court relied on the doctrine of hills and ridges, which is "a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.*, 828 A.2d 1114, 1116 (Pa.Super. 2003) (quotation and quotation marks omitted).

The remainder of the case proceed to arbitration, and on February 27, 2017, the board of arbitrators awarded $400,000, reduced to the arbitration maximum of $50,000, for Mr. Collins against all remaining defendants below. Additionally, the board of arbitrators awarded Mrs. Cannon-Collins $50,000 for her loss of consortium claim. Appellants did not appeal to the Court of Common Pleas, and on May 30, 2017, judgment was entered in favor of

---

[3] Appellants filed an appeal to this Court from the trial court's October 3, 2016, order; however, since the order did not dispose of all parties and all claims, this Court quashed the appeal. *Collins v. Phila. Sub. Development, et al.*, 3588 EDA 2016 (Pa.Super. filed 1/10/17) (*per curiam* order).

- 4 -

Appellants based on the board of arbitrators' award. A timely appeal followed, and the trial court filed an opinion.[4]

On appeal, Appellants challenge solely the trial court's grant of summary judgment in favor of PSDC. Specifically, Appellants argue the trial court erred in holding that the hills and ridges doctrine precluded Appellants' negligence claim as to PSDC. In this regard, Appellants argue there was a genuine issue of material fact as to whether they met an exception to the hills and ridges doctrine, *i.e.*, that the icy/snowy condition of the sidewalk was caused by PSDC's antecedent negligence.

In this regard, Appellants first argue there is no evidence that PSDC made any attempts to have the premises pretreated with a deicing product prior to the beginning of the forecasted snowstorm and, as testified to by Appellants' expert, such pretreatment would have "resulted in a much safer environment for [Mr.] Collins." Appellants' Brief at 13. Accordingly, Appellants argue "there exists a triable fact as to whether PSDC had a duty to pretreat the area where [Mr.] Collins fell as opined by [ ] Appellants' expert." *Id.* at 16.

Next, Appellants argue their expert testified that the standards for the ice/snow removal industry provide that PSDC should have reduced its snow removal agreement with Ross's to writing, conducted a preseason site

_____

[4] The trial court did not direct Appellants to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed.

inspection, and discussed safety precautions to be taken in relation to snowstorms. *See id.* at 12-13. Appellants argue that PSDC's failure in this regard created a genuine issue of material fact as to whether PSDC's negligence caused Mr. Collins' fall.

Finally, Appellants argue there is a genuine issue of material fact as to whether a defective condition (a ramp) hidden by the snow mounds contributed to Mr. Collins' fall such that PSDC's liability was not precluded by the hills and ridges doctrine. *See id.* at 16.

In response, PSDC notes that Mr. Collins admitted during his deposition that he first noticed it was snowing at 8:30 a.m., and when he fell sometime between 12:30 p.m. and 1:00 p.m., it was still snowing. *See* PSDC's Brief at 11. Consequently, PSDC argues that the trial court properly determined that there was no genuine issue of material fact and, pursuant to the hills and ridges doctrine, Appellants' negligence claim as to PSDC was barred as a matter of law.

Further, PSDC argues Appellants' reliance on the neglect-based exception to the hills and ridges doctrine is misplaced. PSDC notes there is no duty on landowners in Pennsylvania to pretreat their premises prior to a snowstorm, oral contracts for snow removal are valid, and there is no dispute that Mr. Collins fell as a result of the natural accumulation of recent ice/snow as opposed to a condition caused by PSDC's neglect. *Id.* at 18-19.

In reviewing Appellants' challenge to the trial court's granting of summary judgment, we recognize:

> Our scope of review. . .[of summary judgment orders]. . .is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff[s'] proof of the elements of [their] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Alexander v. City of Meadville*, 61 A.3d 218, 221 (Pa.Super. 2012) (quotation omitted).

For a party to prevail in a negligence action, a plaintiff must prove that the defendant "owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Authority*,

602 Pa. 346, 980 A.2d 502, 506 (2009). A land possessor is subject to liability for physical harm caused to an invitee[5] only if the following conditions are satisfied:

> [the land possessor] knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, [the possessor] should expect that the invitee will not realize it or will fail to protect [himself] against it, and the [possessor] fails to exercise reasonable care to protect the invitee against the danger.

**Estate of Swift v. Northeastern Hosp. of Philadelphia**, 690 A.2d 719, 722 (Pa.Super. 1997) (citation omitted). An invitee must present evidence proving "either the [possessor] of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." **Id.** What constitutes constructive notice depends on the circumstances of the case, but one of the most important factors to consider is the time that elapsed between the origin of the condition and the accident. **Neve v. Insalaco's**, 771 A.2d 786, 791 (Pa.Super. 2001).

The hills and ridges doctrine, "as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow." **Wentz v. Pennswood Apartments**, 518 A.2d 314, 316 (Pa.Super. 1986). **See Williams v. Shultz**, 429 Pa. 429, 240 A.2d 812, 813-14 (1968)

---

[5] There is no dispute that Mr. Collins was an invitee at the time of his fall and PSDC was a possessor of the premises.

(indicating that the doctrine of hills and ridges applies to preclude liability where "the accident occurred at a time when general slippery conditions prevailed in the community as a result of recent precipitation") (citations omitted)).

> In order to recover for a fall on an ice or snow covered surface, a plaintiff must show:
>
> > (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.
>
> This Court has further opined that "the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition."

***Biernacki***, 828 A.2d at 1117 (quotations omitted).

As this Court has held, "the hills and ridges doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation following a recent snowfall[.]" ***Harvey v. Rouse Chamberlin, Ltd.***, 901 A.2d 523, 526 (Pa.Super. 2006) (quotation marks, quotation, and emphasis omitted)). Further, "the protection afforded by the doctrine is predicated on the assumption that '[t]hese formations are [n]atural phenomena incidental to our climate[.]'" ***Id.*** (quotation and citation omitted).

In concluding there were no genuine issues of material fact and PSDC was entitled to judgment as a matter of law in the instant case, the trial court relevantly held the following:

According to [Mr. Collins' deposition testimony], he first noticed that it was snowing that morning at 8:30 a.m. He admitted that a substantial amount of snow had accumulated on the ground prior to his fall. [Mr. Collins] claimed that he walked with extreme caution in the [parking] lot given the dangerous condition. As [Mr. Collins] walked from his automobile to the building, he slipped and fell just after 1:30 p.m. that day. Additionally, [Mr. Collins] noted that, from the early morning of January 21, 2014, to the time of his fall that day, there was a blizzard occurring. Consequently, the weather conditions shortly before and at the time of the [slip and fall] are uncontested.

\*\*\*

[T]he hills and ridges doctrine requires that an owner or occupier of land, after notice of a dangerous condition of hills and ridges of natural accumulations of snow or ice, act within a reasonable amount of time to eliminate the dangerous condition. For example, in **Biernacki**[, **supra**], the Superior Court held that the trial court was not in error of law when it granted summary judgment to a defendant for fail[ing] to clear snow from a parking lot by 7:45 a.m. the morning after a snowfall had occurred overnight. [**Id.**]

The instant case is an extreme example of the principle of **Biernacki**-to wit, that in order to proceed to the jury, a plaintiff must offer some facts from which a jury could conclude that a reasonable amount of time had elapsed between the notice of the dangerous condition of natural accumulations of snow or ice in the form of hills and ridges and the onset of the duty to eliminate the hills and ridges. In **Biernacki**, the Superior Court held that the trial court did not err in granting summary judgment to a [defendant] on the basis that [it was not reasonable for the snow and ice in the parking lot, that had begun to fall sometime the night before, to be removed by 7:45 a.m., the following morning, when the plaintiff fell].

In the instant case, the parties agree that [Mr. Collins] fell in the midst of an active blizzard. Thus, [Mr. Collins] has no evidence from which a jury could conclude that a reasonable

- 10 -

amount of time had elapsed between notice of the dangerous condition and the beginning of the duty to clear the lot [and sidewalk].

[Appellants are] asking the trial court to hold that a landowner or occupier has a duty to keep one's walks or lots free and clear of ice and snow in the midst of a blizzard. However, if the court held such, then it would impose an impossible burden on landowners and occupiers in view of the climatic conditions in this hemisphere.

Trial Court Opinion, filed 1/8/17, at 4, 6-7 (footnote and citations omitted).

We agree with the trial court's sound reasoning. There is no factual dispute that Mr. Collins slipped and fell on ice/snow during an active blizzard; that is, at a time when "generally slippery conditions" prevailed in the community. *See Alexander*, *supra* (explaining the hills and ridges doctrine). Moreover, under prevailing law, a landowner has no obligation to correct the conditions until a reasonable time after the winter storm has ended. *See id.* Accordingly, as a matter of law, PSDC had no duty to remove the ice and snow, which began at approximately 8:30 a.m., from the sidewalk at the time Mr. Collins fell between 1:30 p.m. and 2:00 p.m., particularly in light of the fact the blizzard was still occurring at this time. *See Biernacki*, *supra* (holding landowner did not have duty to remove snow by the next morning after snowfall); *Gilligan v. Villanova University*, 584 A.2d 1005, 1007 (Pa.Super. 1991) ("Snow and ice upon a pavement create merely transient danger, and the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove it when it is in a dangerous condition.") (citations omitted)).

- 11 -

Having concluded that the hills and ridges doctrine is applicable, we turn to Appellants' argument that there is a genuine issue of material fact as to whether they met an exception to the hills and ridges doctrine. Specifically, Appellants contend that the hills and ridges doctrine does not apply in Pennsylvania when an icy/snowy condition is caused by the defendant's neglect. Thus, they reason that PSDC's failure to "treat the premises with appropriate granular or liquid deicing products" prior to the forecasted snowstorm constitutes neglect, and therefore, PSDC's liability was not precluded by the hills and ridges doctrine. *See* Appellants' Brief at 13. While we agree with Appellants that this Court has recognized various exceptions to the hills and ridges doctrine, including that "proof of hills and ridges [is not] required when an icy condition is caused by the defendant's neglect,"[6] *Harmotta v. Bender*, 601 A.2d 837, 842 (Pa.Super. 1992) (citations omitted), we disagree that PSDC's failure to pretreat the sidewalk falls within this exception.

On appeal, the sole relevant authority cited by Appellants is *Mason v. Brandywine Construction and Management, Inc.*, 2017 WL 1150625 (E.D. Pa. filed 3/27/17), a federal district court case to which we are not

---

[6] For example, this Court has held the hills and ridges doctrine does not preclude liability where an icy condition is caused by a city's defective hydrant, water pipe, drain, or spigot. *Harmotta v. Bender*, 601 A.2d 837 (Pa.Super. 1992).

bound. *See Werner v. Plater-Zyberk*, 799 A.2d 776 (Pa.Super. 2002). In any event, in *Mason*, the federal district court ultimately held that "[t]o the extent that plaintiff's negligence claim is premised on defendants' failure to pretreat the sidewalk prior to the rain and/or freezing rain. . . the Court concludes that plaintiff has not produced evidence from which a reasonable jury could find that defendants had a duty to do so."[7] *Mason*, 2017 WL 1150625, at *7.

Further, in *Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085 (Pa.Super. 1997), this Court recognized that a landowner has no duty to salt or sand a parking lot during/immediately after an ice storm. Thus, we find no support for Appellants' argument that a landowner has a general affirmative legal duty to do so prior to a winter storm. In fact, the entire "gist" of the hills and ridges doctrine is that a landowner has no duty to correct or take reasonable measures with regard to storm-created snowy or icy conditions until a reasonable time after the storm has ceased. *See Biernacki*, *supra*.

Next, in support of the neglect-based exception, Appellants argue their expert testified that the standards for the ice/snow removal industry provide PSDC should have reduced its snow removal agreement with Ross's to writing,

---

[7] In *Mason*, the federal court's holding was based, in part, on the fact the winter storm was not forecasted. Appellants ask us to draw a distinction between non-forecasted and forecasted storms, thus imposing a distinct duty upon landowners to pretreat their premises with regard to forecasted winter storms. We decline to do so.

conducted a preseason site inspection, and discussed safety precautions to be taken in relation to snowstorms. We dispose of this argument simply by noting that Appellants concede a snowstorm was in progress at the time of Mr. Collins' fall. Thus, under the hills and ridges doctrine, PSDC had no affirmative duty to ensure the removal of the ice/snow until a reasonable time after the cessation of the winter storm. Absent any evidence that PSDC created the hazard or exacerbated the storm-created condition, we agree with the trial court that the hills and ridges doctrine precluded PSDC's liability. **_See id._**

Finally, Appellants argue summary judgment is inappropriate since there is a genuine issue of material fact as to whether a defective condition (a ramp) hidden by the snow mounds contributed to Mr. Collins' fall. We find this issue to be waived.

Appellants' entire appellate argument with regard to this claim is as follows:

> There also exists sufficient evidence that [Mr. Collins'] fall was caused by a defective condition[,] which was hidden by the snow mounds. Appellants pled in their [c]omplaints that the existence of the snow created defective conditions of the [p]remises. [Mr.] Collins also testified at his deposition that the ramp beneath the snow may have contributed to his fall. R-1. 0049, 823, 857. This creates a triable issue of fact, making the granting of summary judgment inappropriate.

Appellants' Brief at 16.

Absent proper development, including citation to relevant authority, we decline to address this issue further. **_See_** Pa.R.A.P. 2119.

For all of the foregoing reasons, we affirm.

- 14 -

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/18