J-A01029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALISON BLESS AND JASON BLESS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| POCONO MOUNTAIN RECOVERY CENTER, LLC AND POCONO MOUNTAIN RECOVERY CENTER LAND, LLC | |
| Appellee | No. 1916 EDA 2018 |

Appeal from the Order Entered May 17, 2018
In the Court of Common Pleas of Monroe County
Civil Division at No: 8167-CV-2016

BEFORE:  OTT, STABILE, AND MCLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 24, 2019**

Appellants, Alison Bless ("Alison") and Jason Bless ("Jason"), appeal from the May 17, 2018 order entered in the Court of Common Pleas of Monroe County granting summary judgment in favor of Appellees, Pocono Mountain Recovery Center, LLC, and Pocono Mountain Recovery Center Land, LLC, (collectively "PMRC").  Appellants contend the trial court erred in granting summary judgment based on application of the "hills and ridges" doctrine[1] and in failing to consider Appellants' argument that a "visitation

---

[1] As this Court explained in **_Morin v. Traveler's Rest Motel, Inc._**, 704 A.2d 1085 (Pa. Super. 1997):

*(Footnote Continued Next Page)*

day" at PMRC was not cancelled on the day Alison fell and sustained injuries.

Following review, we affirm.

The trial court provided the following summary of facts based on Appellants' pleadings, their expert's report, and various depositions:

> PMRC operated a drug rehabilitation facility. [Alison] was a patient at PMRC and resided in a PMRC group home at 235 Rockcrest Drive, Henryville, Pennsylvania on January 4, 2015. Rockcrest Drive is a dirt and gravel roadway approximately eighteen feet wide used to access the group home.
>
> [Alison] expected [Jason] to visit her on January 4, 2015. Jason [] attempted to drive to the group home, but encountered inclement weather and slippery roads. [Allison] instructed him to take a different route to the group home because Rockcrest Drive was covered in ice and snow. However, he turned onto Rockcrest Drive, slid backwards down a hill and struck another car which was stuck at the bottom of the hill. The collision was caused by Jason' vehicle slipping on ice on Rockcrest Drive.
>
> Alison [] had received a telephone call from [Jason] and believed he was having some difficulty in driving to the group home. Amy, another group home resident, was expecting her mother to visit and Alison was aware that Amy's mother's vehicle was stuck on Rockcrest Drive. Alison went outside and was standing in the

_(Footnote Continued)_ ───────────

> The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. **_Harmotta v. Bender_**, 411 Pa. Super. 371, 601 A.2d 837 (1992). "The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, _i.e._, ice and snow." **_Wentz v. Pennswood Apartments_**, 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986).

**_Id._** at 1087.

yard of the group home, anticipating [Jason's] arrival. She saw him come up Rockcrest Drive, pass Amy's mother's vehicle, and then slide back on ice and strike that vehicle.

Alison began walking down Rockcrest Drive toward [Jason's] vehicle. She slipped and fell, fracturing her ankle.

Alison was walking on a "thick layer of ice that was old" when she fell. "[I]t was compact (sic) from cars driving over top of it . . ." The ground was snow-covered. "It snowed. It was everywhere." Jason [] testified that "[t]here was (sic) winter conditions, snow and/or ice was present everywhere.["] Alison had told Jason to use a different route to the house because Rockcrest Drive was covered in ice and snow. Jason described the snow on the ground on Rockcrest Drive as being "firm, slick, wet and cold." He was asked:

> Q: Was it snowing on January 4, 2015 when you went to visit Alison?
>
> A: I believe it was more of a wintry mix. It wasn't straight snow. I want to say it was more freezing rain and sleet.

Trial Court Opinion, 5/17/18, at 1 (quoting Jason Bless Deposition, 10/9/17, at 61; additional quotations and citations omitted).

Appellants filed suit by complaint filed against PMRC alleging negligence "for, among other things":

a) failing to maintain their property in a safe condition;

b) failing to inspect their property to ensure no unsafe conditions were present;

c) failing to clear ice and/or snow from the access road;

d) failing to warn of the unsafe condition;

- 3 -

e) having undertaken the duty to maintain the roadway, having failed to satisfy their duty in a reasonable manner;

f) failing to provide a reasonabl[y] safe environment for their business invitees; and

g) were otherwise negligent.

Appellants' Complaint, 11/7/16, at ¶ 10 (a)-(g). PMRC denied the allegations of negligence. PMRC's Answer and New Matter, 12/9/17, at ¶ 10.[2] Appellants filed their Reply to New Matter on December 19, 2017, at which time the pleadings were closed. The parties subsequently undertook discovery, including written discovery and depositions.

On March 9, 2018, PMRC filed a motion for summary judgment, asserting its right to judgment in its favor based on the hills and ridges doctrine. By order issued on March 12, 2018, the trial court directed Appellants to respond to the motion within 30 days. Order, 3/12/18, at 1. The order noted that PMRC did not request oral argument and advised that the court would consider the matter on the briefs if Appellants did not request argument. On April 10, 2018, Appellants filed a memorandum of law in opposition to the motion. Appellants did not request oral argument.

_____

[2] Appellants alleged PMRC had a duty to maintain the roadway where Alison fell. While PMRC denied any such duty, evidence indicated that PMRC had undertaken occasional snow removal, despite the roadway being a township roadway. *See, e.g.*, Deposition of PMRC Corporate Designee Andrew Sheppard, 10/9/17, at 32.

By order entered May 17, 2018, the trial court granted PMRC's motion and dismissed Appellants' complaint. This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants ask us to consider the following two issues:

I.    Did the court err in determining that summary judgment was appropriate based on application of the "hills and ridges" doctrine as:

> (1) [PMRC] failed to adduce adequate evidence that "general slippery conditions" prevailed in the community at [the] time of [Alison's] fall;
>
> (2) viewing the evidence in a light most favorable to non-moving [Appellants], there were material facts at issue as to the conditions causing [Alison's] fall—specifically that [Alison's] fall was caused by past accumulations of snow and ice and not "generally slippery conditions"—precluding the entry of summary judgment.

II.   Did the court below err in failing to consider [Appellants'] argument that [PMRC] failed to cancel "visitation day" on the date of [Alison's] fall which would have precluded [Alison's] fall and resulting injuries?

Appellants' Brief at 3 (some capitalization omitted).

As this Court reiterated in ***Collins v. Philadelphia Suburban Development Corporation***, 179 A.3d 69 (Pa. Super. 2018):

> Our scope of review of summary judgment orders is plenary. We apply the same standard as the trial court, reviewing all the

- 5 -

evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiffs' proof of the elements of their cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Id.* at 73 (quoting **Alexander v. City of Meadville**, 61 A.3d 218, 221 (Pa. Super. 2012) (quotation, brackets and ellipses omitted)).

In addition, to recover for a fall on an ice or snow covered surface, the plaintiff must show:

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

- 6 -

*Id.* at 74 (quoting *Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.*, 828 A.2d 1114, 1117 (Pa. Super. 2003)). "This Court has further opined that the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition." *Biernacki*, 828 A.2d at 1117 (quotation omitted). Moreover, as this Court recognized in *Collins*, "the hills and ridges doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation following a recent snowfall[.]" *Collins*, 179 A.3d at 74 (quoting *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 524, 526 (Pa. Super. 2006) (quotation marks, quotation, and emphasis omitted)). Further, "the protection afforded by the doctrine is predicated on the assumption that these formations are natural phenomena incidental to our climate." *Id.* (quotation, citation, and brackets omitted).

Here, the trial court recognized that "for the 'hills and ridges' defense to apply, there must be generally icy or snowy conditions in the community and the owner or occupier must not have permitted ice or snow to accumulate in ridges or elevations." Trial Court Opinion, 5/17/18, at 5 (citing *Morin*, 704 A.2d at 1087). "Moreover, the accumulation must be the result of an entirely natural occurrence, such as from recent snowfall." *Id.* at 5-6 (citation omitted).

The court observed:

The facts here are similar to those in **Morin**. In **Morin**, the plaintiff was a guest at a motel. During the early morning hours, freezing precipitation began and continued into the morning, when the fall occurred. The motel manager arrived early, noticed that the parking lot was icy, and spread salt and sand over part, but not all, of the lot. The plaintiff, while walking to her vehicle, slipped and fell on a thin sheet of ice that covered the entire lot. . . . The trial court granted summary judgment [] based on the "hills and ridges doctrine [finding] there was no evidence of unreasonable accumulation, and that the evidence of precipitation in the hours before the fall [], sufficiently established a general area affected by icy conditions. Moreover the court considered the fact that [plaintiff], herself, admitted that after she had fallen she realized the entire parking lot was covered with a thin glaze of ice.

*Id.* at 6 (citations omitted). This Court affirmed the grant of summary judgment in **Morin**. Similarly, as the trial court recognized, we affirmed summary judgment granted in **Alexander** when Alexander "fell on freshly fallen snow over a smooth patch of ice due to winter conditions which permeated the community—not on a hilly or ridged icy accumulation." *Id.* at 7 (quoting **Alexander**, 61 A.3d at 225).

As the trial court determined:

Here [Alison] ventured out on an icy roadway which had hard compacted snow/ice underneath a new layer of snow/freezing rain/sleet. She knew the road was treacherous because she had seen her husband's car slip. She ventured out on the road because "it was my son down there in the accident." There is no testimony in the record of unreasonable accumulation, nor testimony of ridges or elevations of ice.

[Appellants] argue that Rockcrest Drive was hazardous due to accumulated snow and ice from past snowfall accumulations,

where there had been plowing and compacting.[3]  They contend that the road was not hazardous merely because of general slippery conditions.  [Appellants] both acknowledged the presence of snow on top of the compacted snow/ice in the roadway however.  There was no testimony that this snow/ice had accumulated in hills and ridges that impeded [Alison's] progress.[4]

[Appellants] also argue that there is insufficient evidence of general slippery conditions prevailing in the area that day.  However, both testified that [] there had been a recent snowfall, and [Jason], who had driven in the weather that morning[,] testified that a mixture of snow/freezing rain/sleet fell that day.  His testimony established the presence of natural precipitation causing slippery conditions in the area that morning.

The undisputed material facts and the application of the hills and ridge doctrine support [PMRC's] request for summary judgment.

Trial Court Opinion, 5/17/18, at 7-8 (citations to deposition testimony omitted).  Also of note is the testimony of PMRC employee, Nina Morris, who testified that she arrived at the Rockcrest Drive group home at 7 a.m. that

_____

[3] Alison testified that the road had been plowed previously, with resulting snow mounds on the side of the road.  Deposition of Alison Bless, 9/22/17, at 58-59.  Although the existence of a snow bank can render the hills and ridges doctrine inapplicable, **see, e.g., Bacsick v. Barnes**, 341 A.2d 157, 160 (Pa. Super. 1975), Alison stated she was in the middle of the road when she fell.  Deposition of Alison Bless, 9/22/17, at 60.

[4] We also note the absence of any suggestion that Alison fell on a localized patch of ice.  In fact, when asked for the dimensions of the "hard pack old ice" on which she had fallen, Alison responded, "You could measure Rock Crest Drive and then you'd have your answer."  Deposition of Alison Bless, 9/22/17, at 64.

morning.[5]   She explained that she had no difficulty getting up Rockcrest Drive in her Honda CR-V and that the roads were not terrible when she got to work.   Deposition of Nina Morris, 12/12/17, at 32, 27.   She explained that it did not begin snowing until after she arrived at the facility.   Initially it was not a heavy snow but it became heavy.   *Id.* at 27.

Our review of the record and the relevant case law leads us to conclude the trial court neither abused its discretion nor committed error of law in determining that PMRC is entitled to summary judgment based on the hills and ridges doctrine.   Therefore, Appellants' first issue fails.

In their second issue, Appellants contend the trial court erred in failing to consider their argument that PMRC was negligent for failing to cancel "visitation day" on the day of Alison's fall.   "If visitations had been cancelled," they contend, "[Jason] and [their child] would not have traveled to the facility for a visit and [Alison] would not have been injured." Memorandum in Opposition, 4/10/18, at 13.   This allegation of negligence was not included in Appellants' complaint, was not advanced in the course of discovery, and was not developed with any argument or citation to legal authority in Appellants' memorandum in opposition.

---

[5] In support of their memorandum of law in opposition to PMRC's motion for summary judgment, Appellants filed a copy of the Morris deposition transcript.  Memorandum in Opposition, 4/10/18, at 1 n.1.

In its Rule 1925(a) opinion, the trial court explained, "[Appellants] did not cite any authority to support their argument that [PMRC] should have cancelled visitors' day because of the weather so I did not research and address that issue." Trial Court Rule 1925(a) Opinion, 7/10/18 at 1. As we noted above, a motion for summary judgment "necessarily and directly implicate[s] the plaintiff's proof of the elements of their cause or action." **Collins**, 179 A.3d at 73. Further, summary judgment is proper if the "adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action." **Id.**

We find no error on the part of the trial court for failing to address an undeveloped argument. Appellant's second issue fails.

Order affirmed.

Judge Ott joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19