J-S23034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| CONNIE KREUZER-FOSTER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WHOLE FOODS MARKET | : | |
| | : | |
| Appellee | : | No. 261 EDA 2023 |

Appeal from the Order Entered January 11, 2023
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2019-19571

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED JULY 27, 2023**

Appellant, Connie Kreuzer-Foster, appeals from the order entered in the

Montgomery County Court of Common Pleas, granting summary judgment in

favor of Appellee, Whole Foods Market ("Whole Foods").  We affirm.

The relevant facts and procedural history of this case are as follows:

> This appeal stems from a 2018 slip and fall that occurred in
> the entranceway of property possessed and operated by
> [Appellee], Whole Foods.  [Appellant's] initial complaint,
> filed on August 5, 2019, alleges that on or about January
> 12, 2018, [Appellant] slipped on "water and/or a wet and/or
> slippery substance on the floor of the Whole Foods Market
> located at 500 West Germantown Pike, Plymouth Meeting,
> PA 19462 in the entry area of the store which was a
> dangerous and/or hazardous condition."  On July 14, 2022,
> at the conclusion of discovery, [Whole Foods] filed a
> [m]otion for [s]ummary [j]udgment in which evidence was
> presented from [Appellant's] deposition establishing that
> [Appellant] did not know what she slipped on and
> establishing a lack of knowledge of [Whole Foods] of any
> substance that may have resulted in [Appellant's] fall.
> [Appellant] failed to respond to the [m]otion to [s]ummary

[j]udgment.

> [The] court entered an Order on September 14, 2020 granting Whole Foods' Motion for Summary Judgment. [Appellant] then petitioned [the] court for reconsideration claiming lack of notice. The [m]otion was granted and [Appellant] was given the opportunity to file a reply to Whole Foods' [m]otion for [s]ummary [j]udgment. [Appellant] provided a cursory response on October 11, 2022 with no accompanying brief, after which this [c]ourt granted the [m]otion for [s]ummary [j]udgment in favor of [Appellee], Whole Foods on the merits of its [m]otion. [Appellant] filed a timely appeal and was ordered to submit a [s]tatement of [m]atters [c]omplained of pursuant to Pa.R.A.P. 1925(b).

(Trial Court Opinion, filed 3/8/23, at 1-2) (internal record citations omitted).

Preliminarily, we observe that a Rule 1925 statement of errors must concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues; issues not included in the Rule 1925 statement are waived on appeal. *In re A.B.*, 63 A.3d 345 (Pa.Super. 2013).

> This Court has considered the question of what constitutes a sufficient [concise] statement on many occasions, and it is well-established that [an a]ppellant's concise statement must properly specify the error to be addressed on appeal. The [concise] statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. Further, this Court may find waiver where a concise statement is too vague. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. A [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

*Id.* at 350 (internal citations omitted).

Instantly, the trial court opined that Appellant did not comply with Rule 1925(b). Specifically, the court stated:

> Here, Appellant's Concise Statement fails to preserve any applicable issues due to its lack of specificity. Appellant's very general contention seems to be that the [c]ourt did not engage and discuss the facts in the Order granting [Whole Foods'] Motion for Summary Judgment. Appellant's statement does not discretely identify issues to be addressed. Even if the trial court correctly guesses the issues [a]ppellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived.

(Trial Court Opinion at 5) (internal citations omitted). Consequently, the trial court deemed Appellant's issues waived on appeal. (*Id.*). We agree that Appellant's prolix Rule 1925 statement is insufficient to provide meaningful review.[1] *See In re A.B., supra*. Accordingly, we affirm.

Order affirmed.

_____

[1] Further, Appellant provides minimal citation to relevant authority in her appellate brief. Specifically, Appellant cites one case governing the scope and standard of review, the Rule of Civil Procedure governing summary judgment motions generally, and one case cited by Whole Foods, which Appellant purports to distinguish. Nevertheless, Appellant fails to cite any legal authority concerning negligence generally, or more specifically, as to whether Whole Foods had actual or constructive notice of the alleged dangerous condition. *See, e.g., Collins v. Philadelphia Suburban Development Corporation*, 179 A.3d 69 (Pa.Super. 2018) (explaining elements of negligence action and that invitee must present evidence proving possessor of land had hand in creating harmful condition or had actual or constructive notice of such condition). On this ground, Appellant's issues are also waived. *See Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention); Pa.R.A.P. 2119(a) (governing argument section in brief).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 7/27/2023*