J-A06011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE HANKLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| POCONO INTERNATIONAL RACEWAY, | : | No. 2226 EDA 2024 |
| INC., AND POCONO RACEWAY, INC. | : | |

Appeal from the Order Entered August 2, 2024
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 002031-CV-2023

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED MARCH 21, 2025**

Michelle Hankle appeals from the order entered August 2, 2024, granting summary judgment in favor of Pocono International Raceway, Inc. ("Pocono International").[1] Hankle argues the trial court erred in granting summary judgment because she believes there exists a genuine issue of material fact, specifically, whether Pocono International had constructive notice of a dangerous condition that caused her to slip and fall. After careful review, we affirm on the basis of the well-reasoned opinion of the trial court.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] By stipulation of the parties, Pocono Raceway, Inc. was dismissed as a party to this lawsuit on May 18, 2023. **See** Stipulation, 5/18/23, at 1.

Hankle attended a race at Pocono International on June 26, 2021. She had to climb stairs to get to her seat. After approximately 30-45 minutes, Hankle descended the stairs to go to the restroom. While descending the stairs, she slipped and fell on liquid she assumed was water. Regrettably, Hankle suffered injuries, including a broken left distal tibia. Hankle filed a complaint on March 30, 2023, alleging Pocono International was negligent in not cleaning up the liquid on the stairs that caused her to slip and fall. After preliminary objections and two amended complaints, Pocono International filed for summary judgment on May 28, 2024.

The trial court granted Pocono International's motion for summary judgment on August 2, 2024. Hankle appealed and complied with the trial court's order to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b).

Hankle raises four questions for our review:

1. Whether the [t]rial [c]ourt abused its discretion in usurping the function of the jury, and erred in ruling as a matter of law that [Pocono International] did not have constructive notice of the subject dangerous condition[?]

2. Whether the [t]rial [c]ourt erred in granting summary judgment in favor of [Pocono International?]

3. Whether the [t]rial [c]ourt erred in failing to review the evidence in the light most favorable to the non-moving party, [Hankle?]

4. Whether the [t]rial [c]ourt erred in disregarding genuine issues of material fact with respect to [Pocono International's] constructive notice of the subject dangerous condition[?]

Appellant's Brief, at 4-5 (trial court answers and suggested answers omitted).

- 2 -

All four of Hankle's claims challenge the trial court's granting of summary judgment. We therefore begin by noting:

> Our scope of review of summary judgment orders is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.

> Motions for summary judgment necessarily and directly implicate the plaintiff['s] proof of the elements of [her] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Thus[,] a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review we are not bound by the trial court's conclusions of law, but may reach our own conclusions. The appellate Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Collins v. Philadelphia Suburban Development Corp.*, 179 A.3d 69, 73 (Pa. Super. 2018) (ellipses, citation, and brackets omitted).

There are four required elements for a plaintiff to succeed in a negligence action. *See id.* "[A] plaintiff must prove that the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Id.*

- 3 -

(citation omitted). "The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury." **Estate of Swift v. Northeastern Hosp. of Philadelphia**, 690 A.2d 719, 722 (Pa. Super. 1997) (citation omitted). It is undisputed Hankle was a business invitee at the time of her slip and fall.[2] "A plaintiff, in order to recover in a slip-and-fall case, must prove that the possessor of the premises knew, or with the exercise of reasonable care, should have known, of the existence of the harmful condition." **Marshall v. Brown's IA, LLC**, 213 A.3d 263, 270 (Pa. Super. 2019). Hankle does not argue Pocono International knew of the liquid accumulation on the stairs. Instead, Hankle asserts that two drops of water hitting her while ascending the stairs is sufficient to show the water was continuously dripping for the 30 to 45 minutes she was in the bleachers, and therefore, Pocono International, with the exercise of reasonable care, should have known of the water accumulation.

After a thorough review of the record, the parties' briefs, and the Honorable Arthur L. Zulick's comprehensive opinion dated August 2, 2024, we conclude the trial court did not err in granting summary judgment in favor of Pocono International. **See** Trial Court Opinion, 8/2/24, at 3-8 (finding two

---

[2] "A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." **Estate of Swift**, 690 A.2d at 722 (citation omitted). Hankle was present on Pocono International's land for the purpose of watching a race they hosted; therefore she was a business invitee.

drops of water without more does not establish the water was continuously dripping, and even assuming the liquid accumulation was a dangerous condition, Hankle presented no evidence of how long the accumulation was present on the stairs, thereby precluding her claim of negligence).

For the convenience of the parties, we have attached the cogent and thorough 8-page opinion of the Honorable Arthur L. Zulick, followed by his order, dated August 2, 2024.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025