J. S29045/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLE STAMPS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 2069 EDA 2018 |
| | : | |
| KAREN WILK AND RONALD WILK | : | |

Appeal from the Order Entered June 28, 2018,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 2016-11049


BEFORE:  BENDER, P.J.E., LAZARUS, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 12, 2019**

Nicole Stamps ("appellant") appeals from the June 28, 2018 order[1] of the Court of Common Pleas of Montgomery County entering summary judgment in favor of Karen Wilk and Ronald Wilk (collectively, "appellees") and against appellant.  After careful review, we affirm.

The trial court provided the following factual and procedural history:

> The instant matter commenced on June 2, 2016, when appellant filed [a] complaint in civil action averring negligence on the part of [appellees] after she slipped and fell on ice outside of appellees' residence resulting in injuries to her leg.
>
> The underlying facts which resulted in the instant civil action began on February 9, 2015, when appellant travelled to appellees' home to partake in a personal

---

[1] Appellant purported to appeal from an order entered July 9, 2018; however, a review of the docket reflects that the trial court entered summary judgment on June 28, 2018.  We have amended the caption accordingly.

physical training session conducted by Mrs. Karen Wilk. Appellant had a standing appointment for personal training sessions every Monday and Wednesday morning at [appellees'] home gym at 7:15 a.m. or 7:30 a.m. Appellant compensated Mrs. Wilk $60.00 for each training session.

Upon pulling into appellees' driveway, appellant overheard a cautionary statement on the radio, warning people to be careful on the road because the roads are slippery. Appellant purported to be surprised by this statement as she did not experience slippery conditions while driving to [appellees'] residence. Moreover, appellant did not recall any weather event the night prior and described the night as, "being a cool, cold, normal night. No precipitation."

Appellant then exited her vehicle and noticed that the pavers leading to the front entrance of the home were wet. Appellant further testified that she did not see ice or mounds of ice prior to walking on the pavers. At some point upon walking on the pavers, appellant slipped and fell, incurring an injury to her left ankle area.

After appellant slipped and fell, Mr. Wilk opened the front door, took a step outside and fell down before making his way to appellant. Soon after reaching appellant, Mr. Wilk dialed 9-1-1 and requested medical assistance to his home. Once the emergency rescue squad arrived, they parked their vehicle on the street and salted from the beginning of the driveway up to where appellant was lying.

After the completion of discovery, appellees filed a motion for summary judgment on April 16, 2018. On June 15, 2018, the trial court scheduled an oral argument pursuant to appellees' motion. Upon consideration of said motion, appellant's response, and hearing oral argument on June 25, 2018, the trial court granted appellees' motion for summary judgment on June 28, 2018.

On July 10, 2018, appellant filed her timely notice of appeal from the trial court's June 28, 2018 order. The trial court required a clarification of the errors complained of on appeal, and thus, it directed appellant to file a concise statement of issues complained of on appeal in accordance with Pa.R.A.P. 1925(b).

Trial court opinion, 1/4/19 at 1-2 (citations to the record and extraneous capitalization omitted). Appellant timely complied with the trial court's order. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for our review:

Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [appellees'] Motions for Summary Judgment and discontinued [appellant's] case?

Appellant's brief at vii.

A reading of appellant's brief, reflects that beyond the Statement of Question Presented, appellant does not directly address her identified issue further; rather, she has divided the argument section into the following three sub-issues:

A.  [Whether] entry of summary judgment is improper under the Pennsylvania Supreme Court's holding in [*Borough of*] *Nanty Glo*[ *v. Am. Sur. Co.*, 163 A. 523 (Pa. 1932)?]

B.  [Whether] in granting appellees' motions for summary judgment, the trial court improperly inserted itself as the fact finder in determining several material issues of fact that should have been determined by a jury[?]

C.     [Whether] the hills and ridges doctrine does not apply to the instant action; thus, there exists an issue of material fact[?]

Appellant's brief at 1, 2, 4 (extraneous capitalization omitted).[2]

In reviewing an appeal from the trial court's grant of a motion for summary judgment, we are governed by the following standard of review:

> [O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. Our scope of review is plenary. In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue of material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> * * *

---

[2] The Pennsylvania Rules of Appellate Procedure require the argument section of a brief to be "divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Here, the argument section in appellant's brief contains three parts, despite only presenting one question for argument. (*See* appellant's brief at vii, 1-7.) We will address the three sub-issues identified in appellant's argument section, as our ability to render meaningful appellate review has not been hindered. *See PHH Mortg. Corp. v. Powell*, 100 A.3d 611, 615 (Pa.Super. 2014).

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Petrina v. Allied Glove Corp.*, 46 A.3d 795, 797-798 (Pa.Super. 2012) (internal citations omitted).

Rule of Civil Procedure 1035 governs motions for summary judgment and provides, in relevant part, as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1)  Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2)  If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.  This Court has explained the application of this rule as follows:

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of a cause

of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, include the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of fact essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.

*Petrina*, 46 A.3d at 798.

*Criswell v. Atl. Richfield Co.*, 115 A.3d 906, 908-909 (Pa.Super. 2015).

In her first issue, appellant contends that the trial court abused its discretion when it granted appellees' motion for summary judgment because it precluded a jury from making "a determination as to the credibility of [the witnesses'] testimony." (Appellant's brief at 1.) Appellant further argues that, "[o]ral testimony alone, . . . of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of genuine issues of material fact." (*Id.* (emphasis omitted), citing *Penn Center House, Inc. v. Hoffman*, 553 A.2d 900 (Pa. 1989), Pa.R.Civ.P. 1035.2 note.) *See also Nanty Glo*, 163 A. at 524. Appellees

aver that appellant failed to preserve this issue for appellate review, thereby waiving it on appeal. (Appellees' brief at 9-12.)

It is axiomatic that in this Commonwealth, issues not raised before the trial court are waived on appeal. Pa.R.A.P. 302(a). *See also B.G. Balmer & Co., Inc. v. Frank Crystal & Co., Inc.*, 148 A.3d 454, 468 (Pa.Super. 2016), *appeal denied*, 169 A.3d 9 (Pa. 2017). Here, appellant failed to raise a *Nanty Glo* argument in her response to appellees' motion for summary judgment, nor did she raise the issue in the accompanying memorandum of law. Accordingly, appellant waived the first issue on appeal. *See Lineberger v. Wyeth*, 894 A.2d 141, 149 (Pa.Super. 2006) (finding waiver when appellant raised a *Nanty Glo* issue for the first time on appeal).[3]

Appellant next contends that the trial court ignored issues of material fact and failed to consider those issues when it granted appellees' motion for summary judgment. (Appellant's brief at 2.) Specifically, appellant avers that "[t]here was no testimony as to any precipitation [the] morning" of appellant's fall. (*Id.*) Appellant, however, further argues that "[t]here is also contradictory testimony as to whether or not there was any precipitation on the day of the fall." (*Id.* at 3.) Appellees argue that appellant failed to

---

[3] Even if appellant had properly raised her first issue before the trial court, the issue would nevertheless be waived on appeal because she failed to include the issue in her Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4); *U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Trust Fund v. Hua*, 193 A.3d 994, 996-997 (Pa.Super. 2018), citing *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (citations omitted).

establish that appellees had any notice of the dangerous condition, thus justifying summary judgment. (Appellees' brief at 14-24.)

In any negligence cause of action, a plaintiff is required to establish the following by a preponderance of the evidence: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages." ***Toro v. Fitness Int'l LLC***, 150 A.3d 968, 976-977 (Pa.Super. 2016), quoting ***Estate of Swift by Swift v. Northeastern Hosp.***, 690 A.2d 719, 722 (Pa.Super. 1997), ***appeal denied***, 701 A.2d 577 (Pa. 1997). In order to prevail in a premises liability case, a plaintiff must prove that:

> [the land possessor] knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, [the possessor] should expect that the invitee[4] will not realize it or will fail to protect [herself] against it, and the [possessor] fails to exercise reasonable care to protect the invitee against the danger.
>
> ***Estate of Swift***[,] 690 A.2d [at 722] (citation omitted). An invitee must present evidence proving "either the [possessor] of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." ***Id.*** What constitutes constructive notice depends on the circumstances of the case, but one of the most important factors to consider is the time that elapsed between the origin of the condition and the accident.

---

[4] There is no dispute that appellant was an invitee at the time of her fall and that appellees possessed the premises.

> ***Neve v. Insalaco's***, 771 A.2d 786, 791 (Pa.Super. 2001).

***Collins v. Philadelphia Suburban Dev. Corp.***, 179 A.3d 69, 74 (Pa.Super. 2018.

Proof of notice, however, cannot be the product of mere speculation. Indeed, our cases hold that a non-moving party "cannot survive summary judgment when mere speculation would be required for the jury to find in [the non-moving party's] favor." ***Krishack v. Milton Hershey School***, 145 A.3d 762, 766 (Pa.Super. 2016), quoting ***Krauss v. Trane U.S. Inc.***, 104 A.3d 566, 568 (Pa.Super. 2014). The ***Krauss*** court further explained that,

> A jury is not permitted to find that it was a defendant's [negligence] that caused the plaintiff's injury based solely upon speculation and conjecture; there must be evidence upon which logically its conclusion must be based. **In fact, the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation. Additionally, a party is not entitled to an inference of fact that amounts merely to a guess or conjecture.**

***Krauss***, 104 A.3d at 568 (citations and quotation marks omitted; brackets in original; emphasis added).

When it addressed notice, the trial court reached the following conclusion:

> . . . Appellant has not provided any evidence as to how long the icy condition existed on [a]ppellees' walkway prior to her accident. Neither [a]ppellant nor [a]ppellees remember any precipitation in the evening prior to the accident, nor can they recall the definite

> date that the last snowfall occurred. Appellant offers a speculative theory that the possibility the dangerous condition may have formed as a result of morning dew freezing over.

Trial court opinion, 1/4/19 at 5 (citations to the record omitted).

Based on our review of the record, we find that the trial court did not abuse its discretion when it granted appellees' motion for summary judgment. As noted, appellant presented no evidence that appellees had actual or constructive notice of the harmful condition and relied on mere speculation. *See Petrina*, 46 A.3d at 798.

Because appellant failed to produce evidence of facts to make out a *prima facie* negligence cause of action, we need not address appellant's third issue on appeal.

Appellees' application to strike portions of the reproduced record is granted. Pages 18-60 of appellant's reproduced record were stricken from consideration.

Order affirmed. Application to strike granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/19